The cause was continued nisi for advisement, and the opinion of the Court was delivered at the succeeding September term in Berkshire, by
Parsons, C. J.
A report under this statute must appear to be made pursuant to the directions of it, before the Common Pleas can render judgment upon it. The authority of the referees must be regularly given, and duly executed. Upon these two points it is competent for the Common Pleas to inquire, before they render a judgment on the report.
That this authority may be regularly given, the party making the demand must first make out a particular statement thereof under his hand in writing, and lodge the same with some justice of the county in which he dwells.
In this case, it is objected that no particular statement of the demand was made in writing. This objection must prevail. The *204 statute does not require a statement in a form necessary in a declaration, alleging time, place, or other usual circumstances; but it must be so particular as to exhibit on what account, or for what cause the demand was made; otherwise it seems impossible to satisfy the statute, which expressly requires, as the foundation of the proceedings, a particular statement in writing. The Common Pleas, therefore, did not err in refusing to accept the report.
But after that Court had refused to accept the report, for a defect in the authority of the referees, their power was determined, and they could not award costs to Hacker. When a report [ * 266 ] is accepted, then follows a judgment * according to it, when it is rejected on the ground that the referees have acted without authority, or for any other legal defect which cannot be cured by the referees on a recommitment, the entry is an order that the parties go thereof without day; and no costs can be awarded.
The Court of Common Pleas, not proceeding in the usual course by writ, have no authority in cases of this kind, but the special authority derived from this statute; and they are not authorized to order costs when the report is finally rejected. And, indeed, to award costs in cases where the referees acted without authority would be very inequitable; for each party are equally responsible for a defective or irregular submission. In this, therefore, there is error.
The judgment must be reversed, and the plaintiff in error be restored to all he has lost by it; but he cannot have the costs of suit on this writ.
As Hacker has taken out his execution, if it be satisfied, Jones may have his remedy by action (a).

 Monosiet vs. Post, 4 Mass. 532. — Mott vs. Anthony, 5 Mass. 489. — Short vs. Pratt, 6 Mass. 496.