### STEPHEN SMITH *versus* SAMUEL KIMBALL.

The statement of the demand upon which a rule of reference is made before a justice of the peace, pursuant to the statute of June 21, 1797, must be in writing, under the hand of the party making the demand, and a writ of review sued out against such party is not a sufficient statement, within the meaning of the statute.

REPORT of referees, on a rule made before a justice of the peace. Smith brought an action of the case against Kimball, in this county, and at the September term of this court, 1816, recovered judgment. On the 3d of December, 1816, Kimball sued out a writ of review, which was served upon Smith on the 4th of January, 1817. On the same 4th of January the parties entered into a rule of reference before a justice of the peace, in pursuance of the statute of June 21, 1797, and agreed to submit " the suit made by said Smith " against said Kimball, which is hereunto annexed, being " now upon review by said Kimball." The demand annexed to the agreement to refer was the writ of review. The referees made their report in favor of Kimball, at the last term of this court, when J. P. Hale and Moody, for Smith, objected that no judgment could be rendered upon the report, because the rule had not been made in pursuance of the statute ; that the statute required the person making the demand to make out a particular statement thereof, under his hand in writing, and that a writ of review brought by Kimball against Smith could not be considered as a statement under Smith's hand, within the meaning of the statute.

*L. B. Walker* and *J. Smith*, for Kimball.

The case having been continued for advisement,

*The court* now said that the report could not be accepted, the rule not having been made in pursuance of the statute. The objection taken by Smith's counsel is fatal. The writ of review cannot be considered as a particular statement under Smith's hand, within the meaning of the statute.

The safest rule in cases of this kind will be, to hold the parties to a strict compliance with the provisions of the statute. If we depart from this rule it will give rise to innumerable questions, which must depend for their decision

much more upon the discretion of the court, than upon any settled rules of law. *Jones* vs. *Hacker*, 5 *Mass. Rep.* 264. —*Mansfield* vs. *Doughty*, 3 *Mass. Rep.* 398,—and *Bullard* vs. *Coolidge*, 3 *Mass. Rep.* 324.

*Report rejected.*