TRUEWORTHY HILL *versus* TAYLOR PAGE.

The statement of a demand, upon which a rule of reference is made before a justice of the peace, pursuant to the statute of June 21, 1797, must shew on what account or for what cause the demand was made.

REPORT of referees upon a rule of reference, into which the parties had entered before a justice of the peace, under

the provisions of the statute of June 21, 1797. The demand annexed to the submission was as follows :

" 1818. *Taylor Page* to *S. Hill*,  Dr.

" To amount demanded in damages to be

" exhibited on trial, - - - - $500.

" Errors excepted,  *S. Hill.*"

*J. Bartlett*, of counsel for *Hill*, moved the court to accept the report, and render judgment upon it.

*Sullivan*, on behalf of *Page*, objected, that no judgment could be rendered upon the report, the submission not having been made in pursuance of the statute ; and he cited the case of *Jones* vs. *Hacker*, 5 *Mass. Rep.* 264, to shew that the demand annexed to the submission was not sufficiently particular to give the referees jurisdiction.

RICHARDSON, C. J., delivered the opinion of the court.

The statute requires the person or persons making the demand, to make out a particular statement thereof under his or their hands. The statement need not have all the technical precision of a declaration. It is sufficient if it distinctly shows on what ground and for what cause the demand is made, so that the court can see that neither a frivolous nor an illegal claim was made the ground of the proceedings. In the case of *Skillings* vs. *Coolidge et al.*, 14 *Mass. Rep.* 43, it was very properly decided, that when the claim was, " To balance due this day, as per accounts exhibited referees, $15·000," it was sufficiently particular, because a balance of accounts was evidently the ground of the claim. But in *Jones* vs. *Hacker*, 5 *Mass. Rep.* 264, where the demand was, "*Ephaim Jones* demands of *Jeremiah Hacker* $250,*" it was held not to be sufficiently particular. In the case now before us it does not appear on what ground the damages were demanded. For aught that appears, they might have been claimed for the breach of an illegal contract ; and we are of opinion that no judgment can be rendered upon the report.

*Report rejected.*