## CUNNINGHAM V. BURK, ET. AL.

1. WRITS AND PROCESS: *Execution after death of defendant.*
   A writ of execution issued and bearing *teste* after the death of the judgment defendant, without a revivor of the judgment against his representatives, is void, and a sale and conveyance under it are nullities, and may be attacked either directly or collaterally.

2. ATTACHMENT LIEN: *How enforced after death of defendant.*
   An attachment lien upon land, perfected by a judgment in the life of the defendant, is not cut off by his death, but can be enforced only by revivor of the judgment against his representatives.

APPEAL from *Fulton* Circuit Court in Chancery.
Hon. R. H. POWELL, Circuit Judge.

*W. F. Henderson* for Appellant.

The fact that Bryant was dead when the execution was sued out does not render the sale *void*; at most it is only voidable. *10 Ark., 541; 35 Miss., 482; 23 Id., 482–496; 13 How., (U. S.) 287; 14 Md., 121; Rorer on Judgment Sales, Sec. 667; 18 Iowa, 474; 3 Green, (Iowa,) 487; Freeman on Judgments, Secs. 140, 153.*

When a specific lien is created in the lifetime of the debtor, the creditor need not resort to general assets or go into the probate court to enforce his claim. *32 Ark., 406; 23 Id., 288; 28 Id., 506; 31 Id., 392; 18 Id.; 414–421.* An attachment is a specific lien. *Drake on Attach., Sec. 239; 34 Iowa, 281; 8 Conn., 546.* A general execution, when it should be special, is only an irregularity and can be cured. *55 Mo., 128.* And is good if only the attached property is sold. *16 Ark., 104; 55 Cal., 165.* An irregular execution not void is amendable, and in a collateral attack will be considered amended. *12 Ark., 421.*

Cunningham v. Burk, et al.

In any aspect of the case appellant is entitled at least to his money back with interest. He discharged a valid lien on the property, and to that extent he is entitled to reimbursement. *Sheldon on Subrogation, Sec. 38; 10 Ark., 541, 554; 56 Tex., 282; 22 Ark., 572.*

*Clark & Williams* and *Butler & Neill* for Appellee.

An execution issued and bearing *teste* after the death of the judgment debtor is irregular and *void*. *24 Ark., 496, and authorities cited; Gantt's Dig., Sec. 2614; Rorer on Judgment Sales, (Ed. 1873,) Sec. 667; 4 Howard, U. S., 56; 22 Ark., 572; 15 Ill., 307.* The execution being void the sale under it was a nullity, and appellant took nothing by it. There was no revivor after Bryant's death. The execution was not amendable; the defect was not in matter of form but of substance. *24 Ark., 496.*

Our statutes forbid an execution, except there be a living party to represent the other side, even in case of specific liens. *Gantt's Dig., Sec. 2614.*

The claim of appellant to reimbursement is a virtual abandonment of the case, which was an action for land under claim of ownership. There is no prayer for such relief, and no such issue was made or tendered below. This suit was not brought to enforce a lien, and courts of equity do not grant relief unasked. *43 Ark., 317.*

SMITH, J. Cunningham brought unlawful detainer against Burk for the possession of certain lands. But as no change in the possession had taken place, he was allowed to convert the form of the action into an ejectment to try title. The answer set up an equitable defense and the cause was transferred to chancery. Here the defendant filed a cross-bill against the

plaintiffs and others praying that his title and possession might be quieted.

At the hearing the court dismissed the complaint and entered a decree for Burk, upon his cross-bill; Cunningham alone has appealed, and the scope of our review is limited to the inquiry whether the decree does him an injustice, without pausing to consider whether the relief administered was warranted by the proofs against parties who have not appealed.

Both parties derive their title mediately from Lorenzo D. Bryant. This man, being charged with a crime, and a reward for his apprehension having been offered by the governor of the state, fled from justice in the year 1868, and disappeared from Fulton county, where he had previously been well known. Cunningham's chain of title, as stated by himself, is as follows: In 1869 one Allen Brown sued Bryant in the Fulton circuit court upon a contract, and took out an attachment which was levied upon the lands in controversy. In 1872 Brown obtained judgment and his attachment was sustained. On the 3d of March, 1874, Brown's judgment still remaining unpaid in part, he ordered a general execution, under which the lands were sold to Cunningham, who afterwards received a conveyance from the sheriff.

Now the testimony shows that Bryant died in Louisiana on the 10th of February, 1874. And this puts an end to the plaintiff's case. For, whatever rights he may have acquired by reason of having paid his money to the sheriff, and whatever remedies he may have to recover that money, or to subject the lands to sale in satisfaction of the judgment lien, or the attachment lien, to which he may possibly be subrogated by the transaction, it is certain that no title, legal or equitable, passed to him by virtue of his purchase. A writ of execution, issued and bearing *teste* after the death of the judgment defendant, without a revivor of the judgment against his representatives, is absolutely void, and confers no authority on the ministerial

1. Execution after death of defendant, without revivor, void.

officer, to whom it is directed, to execute it. And a sale and conveyance under it are nullities, which may be attacked either directly or collaterally. *Freeman on Executions, Sec. 35; Rorer on Judicial Sales, (Ed. of 1873,) Sec. 667; Mitchell v. St. Marent's Lessee, 4 Wall, 237; Erwin's Lessee, v. Dundas, 4 How., 58; Brown v. Perker, 15 Ill., 307; Woodcock v. Bennett, 1 Cowen, 740.*

This is a rule of the common law, and there is no statute which changes it. And it has been frequently applied by this court. *Bently v. Cummins, 9 Ark., 487; State Bank v. Etter, 15 Id., 268; Blanks v. Rector, 24 Id., 496.*

It is agreed that the levy of the attachment in the lifetime of Bryant constituted a specific inchoate lien upon the lands, which was consummated by the rendition of judgment; and that the lien was not cut off by his subsequent death. This is true, but does not affect the main question, namely, that the death of a defendant, before the issue of execution, compels the plaintiff to sue out a *scire facias*. Doubtless by a revivor of the judgment, the creditor might have had the benefit of the lien. *Trellson v. Green, 19 Ark., 376; Barber v. Peay, 31 Id., 392.*

Lastly, it is contended that in any event Cunningham is entitled to have his money back, because he has discharged a valid lien. We have nothing to do in this proceeding with his claim for reimbursement. No issue of that sort was raised by the pleadings; and if it had been, we should not allow him to do indirectly what could not be done directly. All we decide is, that Bryant's death before the issue of final process, and the failure to give those interested in his estate, or in this property, an opportunity to show cause why such process should not go, are fatal to Cunningham's title. And there is no occasion to inquire into the validity of Burk's title. He is in possession,

and the nature of his title, or whether he has any, does not concern Cunningham.

Affirmed.