## McCRACKEN *v.* PAUL.

### Opinion delivered October 8, 1898.

EXECUTION SALE—REVERSAL OF JUDGMENT—RESTITUTION.—If a plaintiff purchased at his own execution sale, and the judgment under which the sale was made is subsequently reversed, he is entitled to restore the property *in specie*, if he can; but if he cannot, he is responsible for its loss. If the property was purchased by a third person, the measure of

damages is the price it brought at the sale with interest; and if defendant was the purchaser, there is no recovery against plaintiff, except for money paid, because the defendant has what he claims. (Page 556.)

Appeal from Greene Circuit Court.

W. S. LUNA, Special Judge.

*J. S. Jordan* and *Rose, Hemingway & Rose*, for appellant.

The pleading, so denominated by appellee, was no cross-complaint. Sand. & H. Dig., § 5712; 32 Ark. 281. Nor was it a valid counter-claim, because: (1) A counter-claim can only set up some breach of the contract sued upon. 27 Ark. 489; 17 *id.* 245; 26 *id.* 314; 22 *id.* 409; 32 *id.* 284. (2) A counter-claim based on tort is no defense in an action on contract. 57 Ark. 609; 1 *id.* 338; 4 *id.* 527. Even in actions of tort, the injury must grow directly out of the tort complained of. 48 Ark. 296: 55 *id.* 312; 40 *id.* 75. Nor was the defense interposed a valid set-off. 22 Ark. 230; 30 Ark. 50; 54 *id.* 190. The measure of damages, if any, was what the property sold for. 38 N. H. 171; Wright (Ohio), 520; 26 N. H. 117; 1 Murph. 272; 128 Ill. 510; 100 Mo. 207; 12 Barb. 83; 6 Pet. 8; 155 U. S. 310; 2 Freeman, Judg. § 482; 24 N. E. 223; 13 Ill. 486; 71 N. Y. 106; 1 Gray, 65, 67. The appellant did not waive his objection to the improper matter in the counter-claim by replying to it. 32 Ark. 281; 48 Ark. 396; 57 Ark. 606.

*G. B. Oliver* and *J. D. Block*, for appellee.

It was not error to overrule appellant's demurrer, for the cross-complaint did at least state a cause of action. 31 Ark. 305; 30 Ark. 327; 9 Neb. 513; 37 S. W. 868; 13 Ind. App. 196; 82 Cal. 209; 87 *id.* 245. Hence appellant, by traversing the counter-claim and proceeding to trial on the merits, waived any objections he might have raised by a sufficient demurrer. Sand. & H. Dig., § 5730. Objections to instructions and testimony do not save the point. 23 Ark. 532; 55 *id.* 109; 51 *id.* 260; 46 N. Y. Sup. 374; 61 N. W. 476; 9 N. W. 632; 10 Bosw. 143. The court rendering the vacated judgment is the proper one to restore property taken under such judgment. Tidd, Pract. 1033; Pomeroy's Code Rem. §§ 37,

68, 69; 9 Wall. 605; 6 Pet. 8. This can be done: (1) in an original action (10 Wend. 354; 6 Cow. 297; 1 Har. & J. 405), or (2) by bringing the facts to the attention of the trial court in some appropriate manner. 9 B. Mon. (Ky.) 79; 5 Gratt. 272; 14 Cal. 667; 3 Ky. Law Rep. 393; 18 C. C. A. 308. Upon the venue being changed, the new forum is the proper one. 35 Ark. 531; 4 Ark. 162; 9 Ark. 498; 60 Ark. 34. There was no prejudical error committed, by whatever name the action be called. 34 Ark. 598; 32 Ark. 495; 33 Ark. 811; 34 Ark. 93. The fact that the grounds for a counter-claim arose after the suit was commenced constitutes no objection to it (82 N. Y. 271; 97 id. 395; 27 Ark. 489; 64 Ark. 222; Pom. Code Rem. § 774) and the counter-claim was proper to consider. 93 N. Y. 556; 20 Nev. 168; 30 Barb. 225; 114 Mo. 651; 53 id. 199; 61 N. Y. 226; 31 S. W. 843; 23 id. 326. The value of the property is the correct measure of damages. 41 Mo. 416; 27 Ia. 239; 8 N. Y. 138; 15 Wis. 289; 128 Ill, 510; 1 Suth. Dam. § 469, p. 972; 83 Ind. 86; 45 Cal. 616; 1 N. Y. Law, 159; 7 Mon. (Ky.) 6; 25 S. W. 879; 16 Ky. Law Rep. 396; 2 Abb. (U. S.) 479; 34 Mo. 364; 55 Ark. 333; 61 id. 33.

BUNN, C. J. The appellant, McCracken, obtained judgment against the defendants, and caused their property, consisting mostly of timber, lumber, and saw mill machinery, to be levied on and sold to satisfy his judgment. An appeal was prayed from the judgment, but no supersedeas bond was given, and no supersedeas writ issued. At an adjourned day of the term of the court, the defendants having filed a second motion for a new trial, on the ground of newly discovered testimony, among others, and after the execution sale, the court sustained the second motion, and set aside the former judgment, under which the sale of the property was had. Defendants then filed their amended answer and cross-complaint, claiming damages growing out of the sale of their said property under the judgment aforesaid; and the plaintiff first demurred, which being overruled, he answered, and a new trial was had, resulting in a verdict and judgment against the plaintiff for the full value of all the property sold. Plaintiff filed his motion for new

trial, showing that he had newly discovered evidence as to the sale of the property, tending to show who were the real purchasers, but this was overruled, and this appeal was taken. The record is too complicated and confused to justify a more extended statement of the case.

The trial court should have treated the amended answer and cross-complaint of defendants, as we now treat it, as a motion or petition for an order of restitution and prayer for damages in the alternative. That motion should have stated clearly and pointedly who was the real purchaser of the property sold at the execution sale, and how much of it each purchaser, if more than one, purchased at the sale, so that the plaintiff might have been permitted to restore the property to the defendants, or to the court, as the case might be and, failing to do so, show cause why he did not or would not do so. The plaintiff, in pursuing his remedy to collect his debt, was neither a trespasser nor wrongdoer in the true sense, but had obtained a valid judgment fairly, and no supersedeas had been issued to stay his proceedings. He was therefore entitled to the protection of the rule, now of universal application in such cases, which is in substance thus laid down by Freeman in his work on Judgments, and which we give here for the future guidance of the court in the trial of this cause. Plaintiff purchasing at his execution sale, on reversal of the judgment under which the sale is made, is entitled to the benefits of the order of restitution, so that he may restore the property *in specie*, if he can. If he cannot, he is responsible to the defendant for its loss. If the property is purchased by a third person, the measure of damages is the price it brought at the sale and interest, and if the defendant is the purchaser, there is no recovery against plaintiff, except for money paid, because the defendant has what he claims. Freeman, Judgments, §§ 482, 483, 484.

Reversed and remanded.