67    484
82    585

## STOUT *v.* BROWN.

### Opinion delivered February 24, 1900.

ATTACHMENT—SALE — REVERSAL — RESALE.— Certain property was seized under attachment, and, the attachment being sustained, was sold, and the sale affirmed. Upon appeal the judgment was affirmed, except that the sale was set aside, and the trial court ordered to resell the property, if within its jurisdiction. Upon a return of the cause, the trial court found that no part of the property was within its jurisdic- tion, part of it having been bought and disposed of by plaintiff, that it had been sold for its market value, and that the proceeds had been ap- plied to the payment of the judgment against defendant. Upon such findings the trial court re-confirmed the sale, instead of ordering plain- tiff to account for the property purchased by him. *Held,* no prejudi- cial error. (Page 483.)

Appeal from Benton Circuit Court.

EDWARD I. MCDANIEL, Judge.

*E. P. Watson*, for appellant.

It was error for the court to re-confirm the same sale which the judgment of the supreme court, in 64 Ark. 312, ordered it to set aside. The attachment lien became merged in the judgment lien, which was a specific lien. Waples, Att. 582, 583. This specific lien exists no longer than the court's ac- tual custody of the property. Waples, Att. 279, 280, 298; Waples, Proc. in Rem. §§ 611, 612. The court loses control of the property upon its being taken beyond its jurisdiction. Waples, Att. 312, 313. The officer had no power to turn over the property to the plaintiffs until the sale was confirmed. 64 Ark. 312. The delivery of the custody of the goods to plain- tiff operates as a dissolution of the attachment, to that extent.

31

3 Am. & Eng. Enc. Law (2 Ed.), 240, n. When the attachment lien is superseded by the execution lien, and the latter is lost, there is no authority to re-take or sell the property under the attachment. Freeman, Ex. 271 b. Upon failure to sell within the statutory time after judgment in favor of the plaintiff in attachment, the lien will be dissolved. 3 Am. & Eng. Enc. Law (2 Ed.), 243.

*James A. Rice*, for appellee.

After judgment and condemnation, the contingent lien brought into existence by the mere seizure is converted into a *jus ad rem*, and is no longer subject to be lost by the acts of an executive officer. Waples, Proc. in Rem. §§ 580, 584; 3 Am. & Eng. Enc. Law (2 Ed.), 217, 239. As between the parties to the attachment, the judgment is the only limit of the amount of liability of the attached property. 3 Am. & Eng. Enc. Law (2 Ed.), 222. As to what constitutes an abandonment of attached property, see 3 Am. & Eng. Enc. Law (2 Ed.), 217, 239.

BATTLE, J. This is the second time this cause has been before this court on appeal. The opinion delivered when it was here the first time is reported in 64 Ark. 312 (*Stout* v. *Brown*). The facts, as stated in that opinion, are as follows: "W. W. Brown brought suit against J. P. Sewell and C. R. Stout, and attached certain lots, also 48,000 feet of lumber. Upon a trial against Stout, judgment was rendered for the sum of $1,401.71, the attachment was sustained, and the property attached ordered to be sold. Afterwards the sheriff sold the property attached, and reported the sale to the circuit court. The appellant, Stout, filed his exceptions to the sale, and asked that it be set aside and a new sale ordered. * * * Upon a hearing, the exceptions were overruled, and the sale confirmed, and the case brought here by appeal." This court sustained the judgment of the court as to the sale of the lots, but reversed it as to the lumber, and to that extent set the sale aside, and ordered that the lumber be resold, if it be within the jurisdiction of the court. Upon the return of the cause the circuit court heard

evidence which proved that the lumber was sold for its market value, and confirmed the sale; and the defendant appealed.

The sale of the lumber having been set aside by this court, the circuit court had no power to revive it. *Hill* v. *Draper*, 63 Ark. 141. But the record shows that the greater part of the lumber was sold to the appellee, W. W. Brown, for $150.75, and that the remainder was sold to J. M. Collins for the sum of $100, and that the latter sum was paid to the sheriff, and was used by him in the payment of costs, and that the lumber was delivered to the purchasers, who have since disposed of it, and that no part of it was within the jurisdiction of the trial court when this cause was remanded. The result was there could not be a resale. But appellee was not without remedy. The attachment of the property had not been abandoned. The lien acquired by the delivery of the order of attachment to the sheriff was perfected when the attachment was sustained. *Cross* v. *Fombey*, 54 Ark. 179; *Cunningham* v. *Burk*, 45 Ark. 267. The court attempted to enforce it by ordering the property sold; the sheriff made the sale; the court confirmed; and this court set it aside and ordered a resale, if the lumber was still within the jurisdiction of the circuit court. If it had been within its jurisdiction, the circuit court could have ordered the sheriff to repossess himself, for the purpose of selling it. Sandels & Hill's Digest, § 369. As it was not, did appellee lose his right in respect to it? He acquired the right to have the lumber appropriated to the payment of his debt, and this right was involved in this action. Did the court lose the power to enforce it? A similar question arose in *Atkins* v. *Swope*, 38 Ark. 528. In that case the plaintiff took possession of the cotton attached, and shipped it beyond the limits of the state, and sold it without the authority of law and the defendant's consent. The defendant recovered a judgment for $200, including the value of the cotton. This court, in speaking of the power of the court to compel the plaintiff to account for the cotton, said: "There had been no issue made, as provided by statute, upon the grounds of attachment; no discharge of the attachment itself. Nevertheless, as the court might, by its inherent power, have compelled the plaintiff to account for the

property by him converted, before giving a judgment in his favor or allowing execution, or, in case of a judgment against him, might have compelled him to refund, no material injustice of which he could complain would be done by including the matter in a verdict." So in this case, as in *Atkins* v. *Swope*, the plaintiff acquired possession of a part of the property attached, and converted it to his own use; and the court had the right to compel him to account for it, and to protect both parties by crediting the defendant on the judgment against him with its market value. As to the remainder of the lumber, Collins purchased it under a judgment in full force and effect at the time of the sale, and his purchase was confirmed by the court. He paid for it all it was worth, and the money received has been used in paying costs for which the judgment was liable. He could not be compelled to pay any more than the market value of it. He has done this, and the defendant has received the benefit of it. The defendant has not been prejudiced by the action of the court, and Collins does not complain. By confirming the sale the court reached the same result it would have obtained by compelling the parties to pay the market value of the lumber, and appropriating the proceeds to the payment of the judgment against the defendant. The illegality of the manner in which the end was accomplished has not prejudiced the appellant, and he has no right to complain.

Judgment affirmed.

WOOD, J., absent.