## DODSON v. BUTLER.

### Opinion delivered January 1, 1912.

1. APPEAL AND ERROR—REVERSAL—RESTITUTION.—When a judgment is reversed, the party against whom such judgment was rendered should be restored to all that he has lost thereunder, so far as this can be done, (Page 419.)

2. SAME—REVERSAL—RESTITUTION.—Upon the reversal of a judgment the court may order the judgment-creditor to restore the specific property or the identical funds received by him where they are still in his possession or under his control, and, in the event that such order is not complied with, may enforce the same by contempt proceedings. (Page 421.)

3. CONTEMPT—ENFORCEMENT OF ORDER OF RESTITUTION.—An order for the restitution of specific property or funds will be enforced by punishment for contempt only where the court has first found that such property or funds are in the possession or under the control of the person ordered to make restitution. (Page 421.)

4. APPEAL AND ERROR—REVERSAL—RESTITUTION.—Kirby's Digest, section 1240, providing that "if any judgment of the circuit court shall be reversed by the Supreme Court on writ of error or appeal and such judgment may have been carried into effect before the reversal thereof, such defendant may recover from the plaintiff in such judgment the full amount paid thereon, including costs," is the sole remedy in cases where the specific property or fund is not in the possession or control of the person in whose favor the judgment was rendered. (Page 423.)

5. CONTEMPT—ORDER OF RESTITUTION—DEFENSE.—A party against whom proceedings in contempt are instituted to compel him to restore specific funds may allege in defense that such funds have long since been expended, and are not now in his possession. (Page 423.)

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; reversed.

*W. H. Martin,* for appellants.

Where money has been paid over to one under a judgment which is afterwards reversed on appeal, the repayment thereof can not be compelled by contempt proceedings, but only by civil action against the one who received it. Kirby's Digest, § 1240; Rev. Stat. 1838, ch. 117, § 42; 13 Ark. 332. It is a condition precedent to the enforcement of rights by summary or extraordinary proceedings that the civil remedy be exhausted. If the writ of restitution is still available under our Code, it is sufficient to say that appellees have not pursued that remedy, and, until the ordinary procedure proves unavailing, the extraordinary power of proceeding for contempt

can not be invoked. 3 Cyc. 467-8; 18 Enc. Pl. & Pr. 896; 95 Pa. St. 333; 2 Rawle (Pa.) 37. It is contrary to our form of government to enforce civil rights by criminal proceedings.

For definition of contempts and limitation on the power of the courts with reference thereto, see art. 7, sec. 6, Const. 1874; Kirby's Digest, § § 719-730. If the court has power to punish for contempt in this case, it must be derive from Kirby's Digest, § 720, sub-div. 3; but this power is denied in this case by section 724, because this is unquestionably a proceeding to enforce a civil right. See also 11 Am. St. Rep. 416; 73 *Id.* 107; 5 Ky. Law Rep. 57; 67 N. Y. S. 222.

*Turner Butler* and *George W. Norman,* for appellees.

Appellees might proceed by execution against appellants if they so desired, but they have a choice of remedies, and under the facts in this case have the right to proceed by summary proceedings to have the money brought into the registry of the court for distribution. 18 Enc. Pl. & Pr. 890-892; 3 Cyc. 462-3, 467, 478; 76 Am. Dec. 459; 48 *Id.* 415; 50 *Id.* 119, 129; 80 S. W. 1125; 28 Am. St. Rep. 589; 25 *Id.* 227; 15 L. R. A. 588; 15 Am. & Eng. Ann. Cas. 671; ·73 S. W. 743; 71 *Id.* 109-110; 60 Kan. 172; 29 Pa. St. 347; 5 Gratt. (Va.) 272; Kirby's Digest, § 720, sub-div. 3; *Id.* § § 6358, 6359

FRAUENTHAL, J. This is an appeal from a judgment declaring the appellants guilty of contempt for a failure to comply with an order adjudging that they pay into court certain funds received by them under a judgment which was subsequently reversed. The case has been before this court on two former occasions, and the opinions then rendered will be found in the cases of *Butler* v. *Dodson,* reported in 78 Ark. 569, and 95 Ark. 615.

Briefly stated, the matters leading up to the present appeal are these: ·The appellants originally instituted an action for debt against one Joseph Meehan, and at the same time sued out a writ of attachment, which was levied upon certain personal property owned by him. The attached property was sold by virtue of an order of the circuit judge, made in vacation, which was subsequently confirmed by the circuit court; and the proceeds arising therefrom were then held by the sheriff making the sale. In that suit Malinda Plair intervened, and claimed

the property by virtue of a mortgage executed to her by said Meehan. Upon a trial of the case in the circuit court, the attachment was dissolved, and personal judgment was rendered in favor of the appellants against the estate of Meehan (who in the meanwhile had died) for the amount of their debt, and also in favor of Malinda Plair for the amount of her debt; and the court then adjudged that the funds in the hands of the sheriff arising from the sale of the attached property should be divided between the appellants and said Plair in proportion to the amounts for which they had recovered judgment. No appeal was taken from the order di solving the attachment, but an appeal was taken to this court from the judgment ordering the distribution of the funds in the hands of the sheriff. No supersedeas was given to stay the further proceedings under said judgment of distribution, and the sheriff by virtue thereof paid to appellants their proportion of the funds arising from the sale of said attached property.

In disposing of that appeal, this court affirmed the personal judgment in favor of appellants for the recovery of their debt, but reversed so much thereof as ordered any portion of the funds arising from the sale of the attached property turned over to them. The cause was remanded with directions for further proceedings to determine the amount due to Malinda Plair upon her mortgage, and, upon such amount being ascertained, it was ordered that the money in the hands of the sheriff should be applied to the payment thereof, and that the balance, if any, should be paid to the legal representatives of Meehan, deceased.

Upon the case being remanded to the circuit court, the respective parties appeared, and that court proceeded to try the issues as to the amount which was due from Meehan to Malinda Plair on said mortgage, and as to the amount which had been paid to appellants by order of the court out of the funds arising from the sale of said attached property. The jury returned a verdict finding that the mortgage indebtedness to Malinda Plair amounted to $2,591.32, and that the sum of $1,232.75 had been paid to appellants out of funds arising from the sale of said attached property. The court then proceeded to hear the motion of said intervener, Plair, to require appellants to pay the money thus received by them into

court, and entered a judgment, in which is the following: "The court doth order and adjudge that the plaintiffs, T. M. Dodson and C. W. Dodson, shall, within thirty days from this date, pay into court said sum of $1,232.75, to be distributed, after being so paid into court, according to the further order thereof to be made herein."

From that judgment an appeal was taken to this court, and the same was affirmed. But in the opinion rendered in that case it was stated: "The question whether the judgment can be enforced by contempt proceedings is not presented by the record, and we do not decide that point." The judgment of affirmance was rendered in July, 1910, and in August, 1910, upon motion of appellee, the circuit court made an order commanding appellants "to show cause, if any they had, why they should not be adjudged in contempt of this court for failing to pay into court the sum of money in obedience to the order of this court heretofore made." Notice of this order being served upon appellants, they filed a response thereto, in which, amongst other things, they stated that "if any sum of money was paid to these respondents in this cause, said sum of money has long since been expended, and the same is not now in the possession, custody or control of the respondents;" and therein also alleged that "the only lawful way in which said money can be recovered, if these respondents owe defendant any sum, which they deny, would be to procure a judgment and sue out execution thereon."

The court held that the matters set out in the response were not sufficient to set up a defense to the motion asking that appellants be adjudged guilty of contempt for failure to pay said money into court; and thereupon it entered a judgment declaring them guilty of contempt, and further ordered that they "be imprisoned in the county jail of Ashley County until they comply with said orders, or be otherwise legally discharged from said imprisonment."

It will thus be seen that this was a proceeding to require a restitution by judgment-creditors of money received by them under an order or judgment of court which was subsequently declared erroneous and annulled, and to enforce such restitution by attachment and punishment as for contempt in failing to comply with the order directing such restitution. In this

case, certain attached personal property had been sold under the judgment of the circuit court, and the funds arising therefrom had by its order been paid to appellants. Subsequently the judgment was reversed, and that portion thereof adjudging appellants entitled to any part of the funds arising from the sale of the attached property was annulled.

It is well settled that when a judgment is reversed restitution must be made of all that has been received under it. When a court enters a judgment which is subsequently declared erroneous and reversed, the party against whom such judgment was rendered should be restored to all that he has lost thereunder, so far as this can be done. In the case of the *Bank of United States* v. *Bank of Washington,* 6 Pet. 8, it is said: "The reversal of the judgment gives a new right or cause of action against the parties to the judgment, and creates a legal obligation on their part to restore what the other party has lost by reason of the erroneous judgment; and, as between the parties to the judgment, there is all the privity necessary to sustain and enforce such right." As long as the erroneous judgment is in force, it is a protection to an officer acting thereunder, and to all persons who purchase in good faith. But such judgment is no protection to the party in whose favor it was rendered, because it was subsequently reversed and as to him became the same as if it never had been made. The court, by its own act having occasioned wrong by the rendition of an erroneous judgment, has the inherent power by summary proceedings to afford redress to the injured party. The redress to which the aggrieved party is entitled is the restitution of the specific property which he has lost by the enforcement of the erroneous judgment, if that can be done. It is the duty and legal obligation of the party to the action securing such property to make restitution upon a reversal of such erroneous judgment; and the court, having jurisdiction of the subject-matter and of the parties, has ample authority to enforce the performance of that duty. *Galpin* v. *Page,* 18 Wall. 374; *Reynolds* v. *Harris,* 14 Cal. 677; *Jones* v. *Hacker,* 5 Mass. 264; *Fleming* v. *Riddick,* 5 Gratt. 272; *Lott* v. *Swezey,* 29 Barb. 87; *Haebler* v. *Meyers* (N. Y.) 15 L. R. A. 588; *Hess* v. *Deppen,* 125 Ky. 424.

But an erroneous judgment is valid until it is reversed By the rendition of such judgment, it is the court which makes the mistake, and not the party in whose favor it is rendered. The judgment, though erroneous, is not void, and protects all persons acting under it until it is reversed. The judgment-creditor, who has simply permitted the law to take its course and received money on the judgment in his favor, is liable only for the money so received after such judgment is reversed. Freeman on Executions, § 346; Rorer on Judicial Sales, § § 590, 599.

Where property has been recovered or money has been received upon a judgment subsequently reversed, the remedy of the judgment-debtor is to obtain restitution of the identical property recovered, or specific money received, if that can be done; but, in event this can not be had because the same is not in the possession of the judgment-creditor, then the remedy of the judgment-debtor is the recovery against him for the value of such property obtained by him, or of such money received. In such a case the remedy afforded to the judgment-debtor is thus stated in substance by Freeman on Judgments, and is quoted with approval by this court in the case of *McCracken* v. *Paul*, 65 Ark. 553: "Plaintiff purchasing at his execution sale, on reversal of the judgment under which the sale is made, is entitled to the benefits of an order of restitution, so that he may restore the property *in specie* if he can. If he can not, he is responsible to the defendant for its loss. If the property is purchased by a third person, the measure of damages is the price it brought at the sale, and interest; and if the defendant is the purchaser, there is no recovery against the plaintiff except for money paid, because the defendant has what he claims." See also *Ringgold* v. *Randolph*, 13 Ark. 328; *Stout* v. *Brown*, 67 Ark. 481.

When the property taken under a judgment which is subsequently reversed is in the actual possession or control of the judgment-creditor, or in case the identical funds received by him thereon are still in his possession or under his control, then the court may compel specific restitution thereof by a proper order, and, in event such order is not complied with, may enforce the same by contempt proceedings. 18 Enc. Pl. & Pr. 182.

As is said in the case of *Meeks* v. *State*, 80 Ark. 579; "Ac-

cording to the decided weight of authority, an order directing the payment of specific funds adjudged to be in the possession or control of the person at the time of the trial may be enforced by contempt proceeding, and punishment may be inflicted for disobedience of the order." See also *Hand* v. *Haughland*, 87 Ark. 105.

But this power to punish as in cases of contempt for disobedience of such order of restitution only applies where the court has first found that the specific property, or the specific funds, are in the possession or under the control of the person ordered to make restitution thereof at the time of the trial. *Coughlin* v. *Ehlert*, 39 Mo. 285; *Clements* v. *Tillman*, 79 Ga. 451. A party may be put in contempt for disobeying a lawful order of court for the performance of acts within his power. But where such order is for the production of specific property or specific funds, before it can be said that he is in contempt of the court in failing to comply with its order to produce or restore the same, he must be able and unwilling to obey the order. When such judgment-creditor shows that his failure to make restitution is not attributable to mere contumacy, but is due to an inability to comply with the order for the reason that he has not the possession and control of the specific funds ordered restored, then he purges himself of any contempt for which he can be legally punished. *Jenkins* v. *State*, 60 Neb. 205.

This is not a case where a party had wrongfully and without the order of the court taken the possession of attached property which was still *in custodia legis*. That would be in the nature of an abuse of the process of the court, and punishable as such, as was held in the case of *Atkins* v. *Swope*, 38 Ark. 528. In the case at bar, the appellants received the money upon an order of court, valid at the time of such receipt. If the funds so received by them were spent in good faith before the reversal of such judgment and the institution of these restitution proceedings, and if they did not actually have same in their possession or under their control at the time of the trial thereof, then it was error to require specific restitution of such funds and to adjudge them in contempt of court upon failure to comply with such order.

In their response, the appellants in effect alleged that they had obtained the money lawfully from the officer under

an order of court, and had thereafter in good faith disposed thereof, and that they did not have possession or control of such money or funds, either at the time of the institution of the proceedings for restitution, or of the trial thereof. If these allegations are true, the appellants should not be adjudged in contempt of court for failure to comply with its order to make restitution of these specific funds. In such event the remedy of the judgment-debtor is to obtain judgment against appellants for the full amount paid to them upon the reversed judgment with interest. By section 1240 of Kirby's Digest it is provided: "If any judgment of the circuit court shall be reversed by the Supreme Court on writ of error or appeal, and such judgment may have been carried into effect before the reversal thereof, such defendant may recover from the plaintiff in such judgment the full amount paid thereon, including costs."

We are of opinion that the remedy given by this statute is not exclusive where the specific property or funds recovered or received upon such judgment, before reversal thereof, are still in the possession or under the control of the party obtaining same at the time of the institution of the proceedings for the restitution thereof. We think that the court has in such case the inherent power to order the restitution of such specific property or funds, and to enforce such order by proceedings in the nature of contempt. The remedy given by the statute is cumulative in such case; and it becomes the sole remedy in those cases only where the specific property or fund is not in the possession or control of the party obtaining it under the judgment which was subsequently reversed. In the present case, the circuit court entered an order finding that the appellants had received, on a judgment which was subsequently reversed, the sum of $1,232.75, and adjudging that they should pay the same to the appellee. This, we think, was in effect held by this court, upon the former appeal, to be a judgment against appellants for said sum. Upon this judgment, therefore, an execution may be issued.

We are therefore of the opinion that the circuit court erred in finding that the response filed by the appellants did not state facts sufficient to constitute a defense to the contempt proceeding. For this error, the judgment is reversed, and the cause remanded for a new trial.