PEEK PLANTING COMPANY, Inc. and
Arden VASSAUR *v.* W. H. KENNEDY
& SONS, Inc.

74-156                                        519 S.W. 2d 49

Opinion delivered February 24, 1975

*Jones, Matthews & Tolson,* for appellants.

*Bridges, Young, Matthews & Davis,* for appellee.

J. H. Evans, Special Chief Justice. For convenience the appellants will be referred to as "Peek and Vassaur" and the appellee as "Kennedy". Peek and Vassaur were two of the appellants and Kennedy was one of the appellees in *J. L. McEntire & Sons, Inc.* v. *Hart Cotton Company, Inc.,* 256 Ark. 937, 511 S.W. 2d 179, decided on July 8, 1974. This appeal grows out of the proceedings of the *McEntire* case in which this court affirmed the trial court's declaratory judgment that certain written contracts between Peek and Vassaur, as sellers, and Kennedy, as buyer, were valid agreements. Under these contracts Peek and Vassaur had agreed to sell Kennedy their entire 1973 cotton crops for a specified price.

The facts are not in dispute on this appeal. Pending a decision on the appeal by Peek and Vassaur in the *McEntire* case, in which they did not post a supersedeas bond, they made a written tender to Kennedy to deliver the cotton under a reservation of rights under Ark. Stat. Ann. § 85-1-207 (Add. 1961). In this letter Peek and Vassaur stated that if the contracts were declared invalid upon appeal that Kennedy, by accepting delivery, would be guilty of a tortious conversion and they would be entitled to damages as set forth in *Newburger Cotton Company* v. *Stevens,* 167 Ark. 257, 267 S.W. 777 (1925). Kennedy refused to accept delivery and perform under these conditions and promptly filed suit for specific per-

formance, which was granted by the trial court in November of 1973. Peek and Vassaur took this appeal and did not supersede the order.

Peek and Vassaur contend they had the right to tender performance and reserve their rights under § 85-1-207 to sue Kennedy for tortious conversion if the contracts were declared invalid upon appeal in the *McEntire* case. Since Kennedy refused to perform under these conditions, Peek and Vassaur claim Kennedy breached the agreement, thus relieving them of the duty to perform. The relief they seek is a reversal of the decree of specific performance and that the cause be remanded for restitution proceedings in their favor. Kennedy contends § 85-1-207 had no application and that Peek and Vassaur were imposing conditions to their tendered performance on which they had no legal right to insist. Kennedy further contended that if Peek and Vassaur did not wish to perform they could have posted a sufficient supersedeas bond and disposed of their cottton in any manner they chose.

We agree with Kennedy's contentions. There is very little authority available as to the meaning of § 85-1-207, which is as follows:

> "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest" or the like are sufficient."

However, our view of the situation does not require an interpretation of this statute as we believe it has no application in this instance. This section appears in the General Provisions Chapter of the Uniform Commercial Code and obviously is intended to apply only to transactions falling under the provisions of the code. The rights which Peek and Vassaur had, in the event of a reversal of their appeal in *McEntire*, were fixed by Ark. Stat. Ann. § 27-2153 (Repl. 1962), which is as follows:

> "If any judgment of the Circuit Court shall be reversed

by the Supreme Court on writ of error or appeal, and such judgment may have been carried into effect before the reversal thereof, such defendant may recover from the plaintiff in such judgment the full amount paid thereon, including costs, by an action (of the debt or on the case) for so much money had and received to his use."

Ark. Stat. Ann. § 27-2156 (Repl. 1962) makes the provisions of § 27-2153 applicable to cases in Chancery. Where, as here, the delivery of property rather than a money judgment is involved, these statutes have been construed to provide for restitution of the identical property upon reversal, and if this cannot be done, then a recovery may be had for the value of the property. *Mothershead* v. *Douglas*, 219 Ark. 457, 243 S.W. 2d 761 (1951); *Dodson* v. *Butler*, 101 Ark. 416, 142 S.W. 503 (1912). The rights of Peek and Vassaur upon appeal in *McEntire* were fixed, as a matter of law, by these statutes and court decisions and they could have performed pending their appeal without losing these rights. Obviously, § 85-1-207 had no application to the situation.

If the contracts had been held invalid on appeal in the *McEntire* case Kennedy would not have been guilty of a tortious conversion as claimed by Peek and Vassaur in their tender of performance with reservation of rights. *Berthold-Jennings Lumber Company* v. *St. Louis, I.M.&S. Railway Company*, 80 F. 2d 32 (8th Cir 1935); *Dodson* v. *Butler*, supra; 5 Am. Jur. 2d 424, Appeal and Error, § 997. In *Dodson* v. *Butler* at page 421 of 101 Ark. the following statement is made in this regard:

"But an erroneous judgment is valid until it is reversed. By the rendition of such judgment, it is the Court which makes the mistake, and not the party in whose favor it is rendered. The judgment, though erroneous, is not void, and protects all persons acting under it until it is reversed."

The measure of damages under § 27-2153 and court decisions thereunder is different from damages growing out of a tortious conversion of cotton. Therefore, Peek and Vassaur,

under the conditions they imposed, had no right to require performance by Kennedy. Also, Peek and Vassaur could have avoided performance by posting a supersedeas bond, which they chose not to do.

Affirmed.

HARRIS, C.J., and FOGLEMAN and BYRD, JJ., disqualified and not participating. Special Justice HENRY WOODS and Special Justice WINSLOW DRUMMOND join in the opinion.