LARRIMER v. MURPHY.

Opinion delivered June 25, 1904.

1. PAYMENT—WHEN NOT RECOVERABLE.—Money voluntarily paid in satisfaction of an unjust or illegal demand, with full knowledge of the facts, and without fraud, duress or extortion, cannot be recovered. (Page 555.)

2. CONTRACT—SUBSCRIPTION IN AID OF RAILROAD—TRUST.—A number of persons subscribed notes containing a condition that a railroad should be built between certain points. The notes were executed to a trustee upon the express understanding that he should hold them in trust until the road was completed, and then place them in the banks for collection. Before the railroad was completed, the notes were placed in banks to be collected, the money was collected, and is held subject to the orders of the court. It is conceded that the railroad has not been and will not be built. *Held,* that the notes were held in trust for both parties, that payment to the trustee was not a payment to the beneficiary, and that the funds should be returned to the subscribers. (Page 556.)

Appeal from Sebastian Circuit Court in Chancery.

STYLES T. ROWE, Judge.

Action by J. H. Larrimer and others, who succeeded to the rights of the Arkansas Central Railroad Company, against W. J. Murphy and a large number of others. Judgment for defendants, from which Larrimer and others have appealed. Affirmed.

STATEMENT BY THE COURT.

In the year 1897 the Arkansas Central Railroad Company, of which appellant C. C. Godman was president, and J. H. Larrimer was vice president and treasurer, made an agreement with certain citizens of Fort Smith that, in consideration of a bonus of about $37,000 and certain right of way privileges, the company would construct and put in operation a railroad from Fort Smith to Paris, Arkansas. The appellees were subscribers to this fund. But the sums were subscribed on certain conditions, which were expressed in the notes executed by the subscribers. The notes for the amounts subscribed were all given in the following form, prepared to express the agreement between the parties, to wit:

"$..........        FORT SMITH, ARK., June 23, 1897.

"At the time hereinafter mentioned I promise to pay to J. A. Hoffman, trustee, the sum of ................. dollars for the use and benefit of the Arkansas Central Railroad Company.

"But the payment of this note is subject to the following conditions, which are made a part of the consideration hereof:

"First. The said Arkansas Central Railroad Company is to construct and operate a standard gauge railroad from Fort Smith, Arkansas, to Paris, Logan county, Arkansas, which road is to be constructed and in operation as a public carrier of freight and passengers on or before May 1, 1898, and work on the building and constructing of said road is to begin within ten days from the time amount agreed to be subscribed by the people of Fort Smith and the people of the counties of Franklin and Logan is procured; the work to begin at Fort Smith, thence to Paris, Arkansas.

"Two. The said railroad company is to build, keep and maintain at Fort Smith, Arkansas, its chief, principal and main railroad shops, both for the present line and such extension, if any, that may be hereafter made.

Three. One-half of this note to be paid when the said railroad is constructed and in operation as a public carrier of freight and passengers between Fort Smith and Charleston, Arkansas, the remainder to be paid when said railroad is constructed and in operation from Fort Smith, Arkansas, to Paris, Logan county, Arkansas.

"Fourth. The said railroad company is to keep and maintain within the city limits of Fort Smith, at some accessible and convenient point, a suitable passenger and freight depot.

"Fifth. If any of the conditions of this note be not carried out, the said note is void."

The notes were made payable to J. A. Hoffman, who had, by agreement between both parties, been appointed trustee, and the minutes of one of the meetings recite the following as his duties:

"It was understood that J. A. Hoffman, heretofore appointed trustee by the committee for both parties, should hold said notes in trust until the road was completed and running to Charleston, and then place said notes in some one or more of the Fort Smith banks for the collection of one-half of said notes, and turn over the proceeds to said railroad company, and that, when said road is completed to Paris, he have the remaining half collected and turn over the same to the company, or so much of the said notes as can be collected, and turn over all uncollected notes to said company. And, further, that said trustee hold the deeds of the lots and lands donated herein until said railroad is completed to Paris, and then turn over the same to said railroad company."

Afterwards Hoffman, the trustee, being under the impression that the railroad would be shortly completed to Charleston, turned over the notes to the bank for collection, and gave notice to the subscribers to pay.

He did this in order to have the money ready for the company when it had completed the road and complied with the other conditions in the note, but with no intention of paying over the money to the company until it had complied with such conditions, it being his understanding that he had no authority to do so.

Some of the subscribers paid over to the bank for Hoffman the amounts subscribed by them, but the road was never completed from Fort Smith to Charleston, and Hoffman refused to pay over to the company. Afterwards the plaintiffs, who have succeeded to the rights of the company, brought this action to recover the amount. The subscribers were made parties to the

action, and on the hearing the court, after considering the testimony of witnesses and the other evidence, held that, as the company had never complied with the conditions upon which the fund was subscribed, it belonged to the subscribers, who had paid it over to Hoffman, and decreed accordingly. The plaintiffs appealed.

*F. A. Youmans,* for appellants.

Money voluntarily paid under a claim of right and with knowledge of the facts, on the part of the person making the payment, or affected by it, cannot be recovered on the ground that the claim was invalid or unenforceable. 22 Am. & Eng. Enc. Law (2d Ed.), 609; 49 Ark. 70; 44 Am. St. 529; 33 Am. St. 686. The makers of the notes conceded that the payments were due, and paid accordingly. They cannot now insist that such construction of the contract was wrong. 53 Ohio St. 278; 157 Mass. 341; 94 Am. St. Rep. 395.

*Ira D. Oglesby,* for appellees.

RIDDICK, J. (after stating the facts). The purpose of this action is to determine the ownership of a fund held by J. A. Hoffman as trustee. The fund was subscribed for the purpose of inducing and aiding the Arkansas Central Railroad Company to construct and put in operation a railroad from Fort Smith to Paris, Arkansas. But the subscriptions were made on certain conditions expressed in the subscription notes, which stipulated that, unless the conditions were performed, the notes were to be void. It is conceded that these conditions were not performed, but it is contended that Hoffman was a trustee for the company only, and that a payment to him was in effect a payment to the company. It has long been settled that money voluntarily paid in satisfaction of an unjust or illegal demand, with full knowledge of the facts and without fraud, duress, or extortion, cannot afterwards be recovered by the payor. *New Orleans & Northeastern R. Co.* v. *Louisiana C. & I. Co.,* 109 La. 13, 33 So. 51, 94 Am. St. Rep. 395. So, if a payment to Hoffman was a payment to the company, there could be no doubt that the contention of appellants would be correct.

It is unnecessary to set out or discuss the evidence bearing on that point. It is enough to say that a careful reading of it has convinced us that it is sufficient to support the finding of the court that Hoffman was not the agent or trustee of the company only. The very object of his appointment was to put it beyond the power of the company to take charge of or collect these subscription notes until it had performed the conditions on which they were executed. He was to hold these notes in trust for both parties until the road was completed and running to Charleston, Arkansas, when he was to collect one-half of the amount due on the note, and pay it to the company, and when the road was completed to Paris, Arkansas, he was to collect and pay over the remaining half. It is thus plain that the company had no right to any portion of this fund until it had completed its road to Charleston. The fact that the trustee collected some of this money before the road was completed to Charleston gave the company no right to it. His duty was to hold for both parties, and not to pay over until the conditions named in the notes were performed. It being conceded that these conditions have not been performed and will not be performed, we are of the opinion that the court properly decided that the funds should be returned to the subscribers. Finding no error, the decree is affirmed.