SEXTON *v.* CREBBINS.

Opinion delivered November 19, 1906.

1. INFANCY—NECESSITY OF DEFENSE BY GUARDIAN.—Under Kirby's Digest, § 602?, providing that "no judgment can be rendered against an infant until after a defense by a guardian," it was error to render judgment on a cross-complaint against minor defendants before they answered. (Page 522.)

2. SAME—APPEAL BY GUARDIAN.—An appeal in a civil suit prayed by the guardian *ad litem* of a minor defendant was properly allowed by the clerk of the Supreme Court. (Page 522.)

Appeal from Lawrence Circuit Court, Eastern District; *Richard H. Powell,* Special Judge; reversed.

*F. G. Taylor,* for appellant.

The failure to require that a guardian *ad litem* be appointed for the minors upon the cross-complaint of Crebbins and Gibson, and that he answer the same, is absolute error on appeal. 49 Ark. 397; 40 Ark. 56. No judgment should be rendered affecting the interests of an infant until after defense by a guardian *ad litem.* He should put in issue, and require proof of, every material allegation of a complaint prejudicial to the infant, whether it be two or not. 42 Ark. 222.

*Geo. M. Gibson, W. A. Cunningham* and *H. L. Ponder,* for appellee.

When a guardian is appointed, his authority continues, unless he is sooner removed by the court, until the rendition of the final judgment or decree in the cause, or until a dismissal of the action, unless he represents an infant, and his authority is sooner terminated by the arrival of the infant at the age of majority. 15 Am. & Eng. Enc. Law (2 Ed.), 15; 23 N. Y. App. Div. 17; Dudley, Eq. (S. C.), 1; 94 Wis. 225; 96 Wis. 427; 53 N. J. Eq. 298. Under this rule, no reappointment was necessary. In his original answer the guardian denied every material allegation prejudicial to the infants, and also the execution and existence of the mortgage sought to be foreclosed in the Crebbins cross-complaint. An additional answer could have accomplished nothing, and was not necessary.

BATTLE, J. William T. Hall, James L. Sexton, and W. G. Sexton owned certain lands as tenants in common. On the first day of January, 1888, James L. Sexton executed to Samuel M. Jarvis, as trustee for the Jarvis-Conklin Mortgage Trust Company, a deed of trust by which he conveyed to him in trust those and other lands to secure the payment of a certain note executed to the company by James L. Sexton. On the 5th day of August, 1892, W. G. Sexton died intestate, leaving his wife, Fannie Sexton, and his two children, Nina and Curtis Sexton, his sole heirs at law, and on the 26th day of September, 1892, W. A. Cunningham was appointed administrator of his estate. On the first day of May, 1895, James L. Sexton died intestate, leaving surviving him his grandchildren, Nina and Curtis. Sexton and Boyce Hall his sole heirs at law. Letters testamentary were granted to John K. Gibson. The deed of trust and note were assigned to Alfred Crebbins. On the 27th day of June, 1895, William T. Hall brought suit against Roland R. Conklin and Joseph C. Willett, as receivers of the Jarvis-Conklin Mortgage Trust Company, Samuel Jarvis, as trustee, W. A. Cunningham, as administrator of W. G. Sexton, John K. Gibson, as executor of James L. Sexton, deceased, Fanny Sexton, Curtis Sexton, Nina Sexton, and Boyce Hall for partition of the certain lands.

Nina and Curtis Sexton being minors, H. L. Ponder was appointed their guardian *ad litem,* after they had been served with process. On the 10th day of March, 1896, he, as such guardian *ad litem,* filed an answer to the complaint of plaintiff in which

he denied specifically all the allegations therein. On the same day Alfred Crebbins entered his appearance as a party defend-ant, and filed an answer and cross-complaint, in which he alleged that he is the owner of the note and trust deed executed by James L. Sexton, deceased; "denied that W. T. Hall is the owner of any or all of the land embraced in the complaint; alleged that James L. Sexton at the time of his death was in possession of all the land, claiming title thereto adverse to plain-tiff; that the loan by Samuel Jarvis, trustee, was made for the purpose of buying the lands in controversy; that plaintiff and W. G. Sexton, deceased, signed the application for the loan made to J. L. Sexton; that the loan was negotiated upon the application, which was part of the contract, and is yet in force; and that, for some cause unknown to said Jarvis-Conklin Mort-gage Trust Company, W. G. Sexton and W. T. Hall failed to join in the execution of said deed of trust." He asked that the deed be reformed, and that the suit of Hall be dismissed.

On the first day of January, 1898, Crebbins "filed an amend-ment to his answer and cross-complaint which alleges that the deed of trust and the note secured by it are past due and unpaid; made copies of them and the assignment of them to Alfred Crebbins, and a copy of the renewal of the deed of trust exhibits to the amendment; and alleges that defendants Nina and Curtis' Sexton are the heirs at law of W. G. Sexton, deceased; that Fannie Sexton is the widow of W. G. Sexton, deceased; that W. A. Cunningham is the administrator of W. G. Sexton, de-ceased; that Lois Hall is the sole heir at law of the said——— Hall, deceased; and that said children Curtis and Nina Sexton and Lois Hall are the sole heirs at law of J. L. Sexton, deceased, the original grantor of the said deed of trust; that there has been a guardian *ad litem* appointed for said minors in the original action, and asked the court to re-appoint said guardian for this cross-complaint. He asked that his deed of trust be reformed and declared a superior claim to any claim that the defendants Nina Sexton, Curtis Sexton, Fanny Sexton, W. T. Hall, J. K. Gibson, executor of the estate of J. L. Sexton, deceased, or W. A. Cunningham, as the administrator of the estate of W. G. Sexton, have in said land, that cross-complainant have judgment ordering sale of all of said lands if necessary to pay him the sum of two thousand dollars with interest."

Ponder, the guardian *ad litem* of the minor defendants, never answered the cross-complaint of Crebbins.

On the 9th day of March, 1898, upon hearing the cause, the court found that there was due to Crebbins on the note and deed of trust the sum of $2,028.30, and decreed that the deed of trust be so reformed as to embrace "all rights, title or interest of said W. T. Hall, and defendants Nina Sexton and Curtis Sexton, heirs of W. G. Sexton, deceased, and Lois Hall," and that, "if said heirs do not pay said amount, said deed shall, upon demand of said Alfred Crebbins, or his assigns or attorney, be foreclosed, and all of said lands be sold, or so much thereof as may be necessary to satisfy said deed of trust and bond."

At the April, 1905, term of the Craighead Probate Court J. M. Hardin was appointed guardian of Curtis and Nina Sexton; they being then and now minors. On the 12th day of September, 1905, on application of this guardian, the clerk of this court granted an appeal to them from the decree of the court.

The court erred in rendering a decree against Curtis and Nina Sexton before they answered the cross-complaint of Crebbins. Section 6023 of Kirby's Digest provides that "no judgment can be rendered against an infant until after a defense by a guardian," and this court said in *Pinchback* v. *Graves*, 42 Ark. 222, that "this defense should not be a mere perfunctory and formal one, but real and earnest. He should put in issue, and require proof of, every material allegation of a complaint prejudicial to the infant, whether it be true or not. He is not required to verify the answer, and can make no concessions on his own knowledge. He must put and keep the plaintiff at arm's length." *Evans* v. *Davis*, 39 Ark. 235; *Driver* v. *Evans*, 47 Ark. 297; *Morris* v. *Edmonds*, 43 Ark. 427; *Varner* v. *Rice*, 44 Ark. 236; *Pillow* v. *Sentelle*, 39 Ark. 61.

The appeal was properly granted by the clerk of this court. Ex parte *Trapnall*, 29 Ark. 60; *Davies* v. *Nichols*, 52 Ark. 554.

The decree of the chancery court is reversed as to the appellants, and the cause as to them is remanded for proceedings consistent with this opinion.