BUFORD *v.* BRIGGS.

Opinion delivered October 17, 1910.

1. APPEAL AND ERROR—REVERSAL—RESTITUTION.—Where land belonging to a partner was sold under decree in favor of an individual creditor during the pendency of an appeal by a copartner who claimed a superior equity in the land, and the copartner paid into court a sum sufficient to redeem the land from such sale, upon a subsequent reversal of the decree, the copartner will be entitled to restoration of the fund which he paid to redeem the land. (Page 152.)

2. PAYMENTS—RIGHT TO RECOVER—WHEN NOT VOLUNTARY.—The rule that money paid voluntarily cannot be recovered has no application to

a payment by one to redeem from a judicial sale land in which he claims an equity. (Page 153.)

3. SAME—WHEN RECOVERABLE.—The rule that money voluntarily paid cannot be recovered has no application to a case where money was paid to the clerk of the court to redeem from a sale under a decree which was reversed on appeal while the money remained in the hands of the clerk. (Page 153.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Richard M. Mann,* for appellant.

1. A payment of a judgment, voluntarily made, cannot be recovered, even though the judgment be afterwards reversed. The rule is well stated that when a person without mistake of fact or fraud, duress, coercion or extortion, pays money on a demand which it not enforceable against him, the payment is deemed voluntary and cannot be recovered. 86 Ark. 175; 72 Ark. 555; 49 Ark. 70; 34 S. W. 173; 105 S. W. 286; 118 Pa. St. 455; 4 Am. St. Rep. 606; 38 N. W. 847; 62 N. W. 22; 75 N. W. 642; 86 N. W. 30.

2. The decree of July 26, 1909, is conclusive of all the rights and defenses interposed or which could have been interposed at the time, and Briggs was bound thereby and estopped from now claiming the funds which were paid to redeem the land. 77 Ark. 379; 79 Ark. 185, 194; 57 Ark. 500; 76 Ark. 423.

*W. Prickett* and *Pole McPhetrige,* for appellees.

1. Cases cited by appellant to support the contention that money voluntarily paid cannot be recovered are not in point. Here there was no payment, but a mere tender through the clerk, which appellant refused to accept. The clerk was not his agent. 72 Ark. 555.

2. The decree of July 26, 1909, was interlocutory. 1 Black on Judgments § 21; *Id.* 32. Not being final, the court had jurisdiction to amend or vacate it.

3. If the deposit by Briggs be held to have been a payment, and voluntary, yet, if it was done under a mistake, or ignorance of an essential fact, is voidable. 34 Fla. 471; 19 Conn. 548; 11 O. 223.

McCULLOCH, C. J. Appellant Buford instituted an action in the chancery court of Polk County against J. A. Lewis and

his wife, Mary F. Lewis, and also appellee Briggs, to set aside certain conveyances alleged to be fraudulent and to subject the property conveyed to the satisfaction of his (appellant's) judgment against Lewis. Among the other conveyances involved in the litigation was a deed of Lewis to his wife, conveying his interest in a lot in the city of Mena, the title to which stood in the name of Lewis & Briggs, who were copartners in the meat business.

Among other defenses in that suit, Briggs alleged that the lot in question was partnership property, purchased with partnership funds, and that on settlement of the partnership accounts·Lewis was indebted to him in the sum of $1,452. The chancery court denied the relief prayed for by Briggs, and entered a decree in favor of Buford cancelling the deed of J. A. Lewis to Mary F. Lewis, and ordering a sale of Mary F. Lewis's half interest in the lot for the satisfaction of Buford's judgment. Lewis and Buford appealed to this court without supersedeas, and the decree was carried into execution by a sale of the property pending the appeal. Buford became the purchaser, and on confirmation of the sale the court gave a period of redemption from the sale. Lewis and wife executed to Briggs a deed conveying to him their equities in the property, and Briggs, within the specified period of redemption, deposited with the clerk of the chancery court a sum of money sufficient to cover the purchase price, interest, etc. The money was not demanded by Buford, and was never paid over to him. Subsequently, this court, on hearing the appeal of Lewis & Briggs, reversed the case, and held that the partnership accounts between Lewis & Briggs should be settled, and that Briggs's equities for payment of his claim against Lewis were superior to those of Buford.

Buford and Briggs each then filed a petition in the chancery court, claiming the redemption fund in the hands of the clerk, and asked that it be ordered paid over to them respectively. Buford claims that the fund should be paid over to him to go in satisfaction of his claim against Lewis, and Briggs claims that, as he paid the fund into court, it should be restored to him, since this court decided that his equities were superior.

The chancellor decided in favor of Briggs, and ordered the clerk to pay the fund over to him. Our conclusion is that the

ruling of the chancellor is correct. and that Briggs is entitled to restitution of the fund. On reversal of the erroneous decree, Briggs was entitled to restoration of his rights. His equities being superior, he was entitled to have his lien enforced against the property or to recover the proceeds of the sale in satisfaction of his claim. It was not merely the interest of Lewis that was sold under decree, for, according to our decision in that case, he had no interest which was liable for his individual debts until the partnership accounts had been settled. So, when Briggs paid the money in redemption from the sale, he did so to protect his conflicting claim, which this court sustained; and on the reversal of the case he became entitled to have restored to him that of which he had been deprived by the enforcement of the erroneous decree. *Haebler* v. *Myers,* 132 N. Y. 363.

But it is insisted that the money was voluntarily paid by Briggs in satisfaction of a decree against Lewis, and that he should not be permitted, under those circumstances, to recover it back. It was not, as we have already mentioned, paid in satisfaction of the judgment against Lewis, but was paid to protect his own rights, of which he had been deprived by the erroneous decree; and he did not pay it voluntarily, as the payment was coerced by the sale of the property, which he was compelled to redeem. Still another reason why appellant is not entitled to the fund is found in the fact that he has never received the fund from the clerk, and never demanded it until after the reversal of the erroneous decree in his favor. The fund remained unclaimed in the hands of the clerk until this court decided that appellant was not entitled to satisfaction, as against the claim of Briggs, out of the proceeds of the sale of the lot. As the fund was still within the control of the court, there can be no just complaint at the action of the court in awarding it to him who was entitled to it *ex aequo et bono. Larrimer* v. *Murphy,* 72 Ark. 552.

The decree of the chancellor is correct, and the same is affirmed.