## EVANS *v.* DAVIS.

### Opinion delivered January 10, 1921.

1. INSANE PERSONS—PROOF OF MATERIAL ALLEGATIONS.—A decree quieting the title of an insane person which subjects the land to the repayment of taxes paid by the defendants is erroneous if rendered without proof that the defendants paid the taxes, as there must be proof of every material allegation prejudicial to the right of an infant or person of unsound mind before judgment can be rendered against him.

2. INSANE PERSONS—PROCESS ON CROSS-COMPLAINT.—In a suit by an insane person, process on a cross-complaint need not be served on him or his guardian, since he is already a party to the action.

3. INSANE PERSONS—CROSS-COMPLAINT—DEFENSE BY GUARDIAN.—It is error to render a judgment on a cross-complaint against a person under disability without defense being made by a guardian.

4. INSANE PERSONS—JUDGMENT WITOUT ANSWER BY GUARDIAN.—A decree requiring an insane plaintiff to repay taxes paid by defendants as a condition of quieting his title, if it can be considered as a decree on a cross-complaint, so as to be erroneous because no answer was made by his guardian, was not void.

5. INSANE PERSONS—PURCHASER UNDER ERRONEOUS DECREE.—One who purchased an insane plaintiff's property at a sale under a decree that was erroneous because rendered without answer filed by his guardian will be protected in his right as such purchaser, and the insane plaintiff will be entitled to restitution of the fund received from the sale.

Appeal from Ashley Chancery Court; *M. L. Hawkins,* Chancellor; reversed.

*Compere & Compere,* for appellant.

1. The only remedy of the idiot is appeal. Kirby's Digest, § 4431, subdiv. 5; 79 Ark. 194-200.

2.   The appeal could be taken at any time during the disability.   80 Ark. 519; 71 *Id.* 172; 22 Cyc. Law and Prac., p. 1247; 2 Cent. Ed. Am. Digest, p. 2251, §§ 1910-11.

3.   The order to sell the lands was void.   80 Ark. 519; 43 *Id.* 427; 56 *Id.* 419-23.   Where the decree is not responsive to the issue it is void.   81 Ark. 440-62; 87 *Id.* 206-10.

The lower court ordered an idiot's land to be sold without a foundation, no evidence whatever as to tax. All the matters in the decree except that quieting title in John Wood were aside from the issue and absolutely void.   56 Ark. 418; 55 *Id.* 562; 81 *Id.* 440-62.

*C. M. Walser,* for appellee, C. Altenberg.

Relief was properly granted appellee.   It was a proceeding to quiet title, and all outside interests disclosed were properly disposed of.   The matter was in issue and having been decided appellant can not complain or question the judgment.   37 Fed. 738; 30 Iowa 433; 74 *Id.* 244.

If Altenberg did not in fact have a claim for taxes paid and a right to a lien, it can easily be shown, and it is the duty of appellant before the decree can be opened to show a meritorious defense.   Kirby's Digest, § 4434; 22 Kan. 768; 55 Neb. 202; 90 Ark. 44; 104 *Id.* 449.   Appellee's lien has never been satisfied, and we ask that it be preserved and enforced.

McCULLOCH, C. J.   This is an appeal by a person of unsound mind, now under guardianship, from a decree rendered in the chancery court of Ashley County in the year 1901.   The suit was one instituted in said chancery court for appellant by next friend to quiet title to three tracts of land in that county aggregating 324 acres.   Appellant was not under guardianship at that time and, as before stated, he sued by his next friend, alleging that he inherited the land in controversy from his father, J. J. Wood, who died on March 15, 1870, seized and possessed thereof.   All of appellees, as well as certain other parties, were made defendants in the case and were personally served with process.

It was alleged in the complaint that the lands were unoccupied at the time of the commencement of the action and that one of the defendants, A. E. Davis, had entered upon the lands and cut and removed timber of the value of $500. The prayer of the complaint was for a decree quieting appellant's title and for further relief.

Two of the defendants, who are apellees here, A. E. Davis and E. F. Stanley, filed a joint answer in which they denied that appellant had title to the lands and also claimed to be the owners of the land under purchase at a tax sale. They alleged also that they paid taxes on the land since their said purchase and prayed that, in the event the court should hold that appellant had title, a lien should be declared in their favor for the amount of taxes paid.

G. H. Richardson, who is also an appellee here, filed his answer denying the allegations of the complaint with respect to the ownership of the land by appellant, and also alleged that he was the owner of the land under purchase at an overdue tax sale. He also alleged that he paid the taxes on the land subsequent to his purchase at the overdue tax sale and prayed that if the court should decree in favor of appellant as to the title of the land a lien be declared in his favor for the amount of taxes he had paid.

The court rendered a final decree reciting that the cause was heard on the petition of appellant and the affidavit of one Giles as to the land being wild and unoccupied and the answers of the defendants, and the decree was in favor of appellant for the recovery of the lands and quieting his title thereto, but in favor of the defendant, A. E. Davis, declaring a lien on two of the tracts of land in controversy for the amount of $82.47, the amount of taxes paid by him, and in favor of defendant C. A. Altenberg for the sum of $36.10, the amount of taxes paid by him on one of the tracts, and in favor of G. H. Richardson for the amount of $42.45, paid by him for taxes on one of the tracts. The court appointed a commissioner to sell the land to discharge said liens if the

sums so awarded should not be paid within the time specified in the decree. The record further shows the report of the commissioner of the sale by him in accordance with the decree of the court and the purchase of the land at said sale by one who was not a party to the cause. The record also shows the confirmation of the sale by the court and the approval of the commissioner's deed to the purchaser.

A guardian was recently appointed for appellant, and he obtained this appeal in the manner prescribed by statute which permits an appeal to be taken by a person of unsound mind within six months after the removal of such disability. Kirby's Digest, § 1199, as amended by Acts of 1915, page 205. According to the recitals of the record, the decree was rendered without any proof being adduced showing that appellees had paid taxes on the land. This was erroneous and calls for a reversal of the decree, as there must be proof of every material allegation prejudicial to the rights of an infant or person of unsound mind before a judgment can be rendered against him. *Luck* v. *Adkins,* 53 Ark. 303.

It is also contended that the decree against appellant for the recovery of taxes should be reversed because it was rendered on the cross-complaint of appellees, without service of process on appellant or the appointment of a guardian to make defense for him. It was unnecessary to serve process on appellant, for he was already a party to the suit as plaintiff in the action. *Pillow* v. *Sentelle,* 49 Ark. 430. It is error to render a judgment on a cross-complaint against a person under disability without defense being made by a guardian (*Sexton* v. *Crebbins,* 80 Ark. 519), but the question is presented whether or not the claim for taxes set up by appellees in their answer constituted a cross-complaint or merely went to the equity of appellant's complaint asking for relief in quieting his title. Inasmuch as the cause is to be reversed on other grounds, we need not decide this question. Even if the claim for taxes be treated as a cross-complaint, so as to call for an answer before judgment could be ren-

dered, this was only an error, and the decree was not void. *Boyd* v. *Roane,* 49 Ark. 397; *Waldron* v. *Taenzer,* 79 Ark. 16; *Martin* v. *Gwynn,* 90 Ark. 44.

On the remand of the cause appellant will be entitled to restitution of the fund received by appellees from the proceeds of the sale, unless the decree on the hearing of the cause and proof should be in favor of appellees as before, for the recovery of the amount of taxes paid. Proof can be taken on that subject. The court had jurisdiction of the person and subject-matter, and the degree was not void; therefore the purchaser under the sale will be protected in his rights as such purchaser. *Boyd* v. *Roane, supra; Buford* v. *Briggs,* 96 Ark. 150; *Dodson* v. *Butler,* 101 Ark. 416. The decree against appellant will therefore be reversed and the cause remanded with directions to proceed in accordance with this opinion.

WOOD, J., disqualified.