HUDSON *v.* UNION & MERCANTILE TRUST COMPANY.

Opinion delivered April 11, 1921.

1. INSANE PERSONS—TIME FOR APPEAL.—Crawford & Moses' Digest, § 2140, allowing to an insane person a right of appeal within six months after removal of his or her disabilities, applies as well to a suit brought by an insane person as to one brought against him.

2. INSANE PERSONS—VALIDITY OF DECREE AGAINST.—Where plaintiff brought suit to set aside a sale under mortgage on the ground that she was insane at the time of its execution, and defendant by way of cross-complaint set up that the loan secured by the mortgage was used to pay valid liens on the land, and asked that such liens be foreclosed, which was done, the decree was not void for want of an answer to the cross-complaint, which was in the nature of an equitable defense, and did not necessarily call for an answer from the plaintiff's guardian.

3. JUDICIAL SALES—RIGHTS OF PURCHASER UNDER ERRONEOUS DECREE.—A stranger purchasing under a judicial sale based upon a decree erroneous but not void acquires rights which will be protected.

4. INSANE PERSONS—LOANS—SUBROGATION.—Under the doctrine of subrogation, one lending money to an insane woman to buy land may have a lien thereon for the amount of such purchase money, but it was error to declare a lien therefor in his favor on other land owned by her.

5. INSANE PERSONS—CONTRACTS—VALIDITY.—The contracts of insane persons may be set aside though made at their instance without notice of their infirmity for a fair consideration and without fraud or imposition.

6. INSANE PERSONS—CONTRACTS—RESCISSION.—An insane person may rescind a note and mortgage executed by her without restoring or offering to restore the consideration received, provided it is no longer in her possession or control.

7. INSANE PERSONS—RIGHTS IN LAND ERRONEOUSLY SOLD.—Where money was loaned to an insane person, which in part was used to pay off a lien on land owned by her, and part in making payment on other land bought by her and discharging a lien on the latter land, though a sale of both tracts for the entire amount was erroneous, she will not be entitled to restitution of the land purchased by a stranger, but where one of the tracts brought more than the lien against it, she will be entitled to a proportionate part of the purchase money.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; reversed.

*W. A. Cunningham,* for appellant.

The decree was rendered upon the cross-complaint of E. G. Thompson and no answer to this cross-complaint was ever filed by a guardian or guardian *ad litem* of Ada Sims, a person of unsound mind. This was reversible error. 104 Ark. 193; 105 *Id.* 11. Mrs Sims was insane and was not bound for the purchase price of the lands. She should be allowed to recover her lands or the purchase price with interest, less the amount of the lien at the time the deed of trust then was executed to Thompson.

*Stayton & Stayton* and *Gustave Jones,* for appellees.

1. The appeal was not perfected in time and should be dismissed. C. & M. Digest, § 2131; 104 Ark. 379; 119 *Id.* 235.

2. Being the moving party, represented by regular guardian, appellant is bound by the judgment and de-

cree.    55 Ark. 22; 98 *Id.* 151-155; 105 *Id.* 440.    The appeal should be dismissed.    Evidence *dehors* the record to establish a waiver by appellant of the right of appeal. 53 Ark. 514; 106 *Id.* 292; 85 *Id.* 30; 97 *Id.* 373; 92 *Id.* 242.

3.    There is no evidence of fraud or overreaching or inadequacy of consideration.    At the time of the decree, Mrs. Sims was in possession of the property purchased by the money obtained from appellee Thompson and enjoying the benefit thereof.    This case is ruled by 115 Ark. 430.    See, also, 104 Ark. 187; 105 *Id.* 5; 135 *Id.* 440-4.

Where infants by guardian or next friend go into court to assert their rights, they are under the eye of the court and enjoy its care and protection and the conclusions reached are as binding upon them as upon persons *sui juris.*    55 Ark. 22.    Mrs. Sims was the moving party, and the statute affords her no relief.    98 Ark. 151, 155.    Appellant has had her day in court and is bound by the decree as a person *sui juris.*    49 Ark. 399; 85 *Id.* 272; 70 *Id.* 415; 103 *Id.* 67.

HUMPHREYS, J.    This is an appeal by Ursel Hudson, as next friend for Ada Sims, from a decree rendered in the Jackson Chancery Court on November 2, 1915, against Ada Sims, in a suit brought in said court by V. G. Richardson, as guardian for the person and estate of the said Ada Sims, a person of unsound mind, against the appellees.    V. G. Richardson, Ada Sims' regular guardian, died May 13, 1918.    The prayer for appeal was filed January 11, 1921.    The suit was to set aside a mortgage given by Ada Sims, widow, on the 23d day of February, 1914, to E. G. Thompson, agent, and Wm. N. Dunaway, trustee, on 200 acres of land in said county, to secure a loan in the sum of $3,000, due two years after date.

The facts developed in the trial of the cause are substantially as follows:    Ada B. Sims owned in her own right the north half of the southwest quarter, and the north half of the southwest quarter of the southwest quarter of section 34, township 9 north, range 2 west, upon which there was a mortgage lien for $500 and in-

terest, in favor of Anna M. Volkmer. Her sister, Mrs.
D. S. Stansbury, owned the south half of the northwest
quarter and the south half of the southwest of the south-
west quarter of said section, upon which there was
a mortgage lien for $1,000 and interest, in favor
of E. G. Thompson. On February 6, 1914, Mrs. D. S.
Stansbury sold and conveyed the 100 acres of land owned
by her, heretofore described, to her sister, Ada B. Sims,
for $3,000. In order to pay the liens upon the several
tracts of land and to pay a part of the purchase money
she owed Mrs. Stansbury for the portion bought from
her, she borrowed from E. G. Thompson, agent, through
the instrumentality of Gustave Jones, the sum of $3,000,
on the 23d day of February, 1914, and executed the mort-
gage, or deed of trust, sought to be canceled, to Wm. N.
Dunaway, as trustee for E. G. Thomuson, agent, on the
entire 200-acre tract—the 100 acres owned by her as well
as the 100 acres purchased from her sister. Out of the
proceeds of the $3,000, Mrs. Sims paid $520.83 in satis-
faction of the Volkmer mortgage, $1,006.66 in satisfaction
of the E. G. Thompson mortgage against the land pur-
chased from her sister, Mrs. Stansbury, and the balance
to Mrs. Stansbury on the purchase money for the 100
acres bought from her. Mrs. Stansbury at the time took
a second mortgage to secure the unpaid purchase money.
According to the weight of the evidence, Ada Sims was
insane at the time she executed the note and mortgage
for $3,000, but her condition was unknown to any of the
appellees. On the 8th day of April, 1914, the said Ada
Sims was adjudged to be insane by the county court of
Independence County, and V. G. Richardson was ap-
pointed guardian of her person and estate on the 11th
day of May, following. The $3,000 mortgage in ques-
tion was breached by failure to pay interest, and the
trustee advertised and sold the entire 200-acre tract un-
der the terms of sale provided in the mortgage. This
suit was then instituted to set aside the sale and cancel
the debt and mortgage on the ground of the insanity
of the said Ada B. Sims at the time she executed

the mortgage or deed of trust. All the appellees answered, and, in addition to a denial of the material allegations of the bill, it was charged in the separate answer and cross-complaint of E. G. Thompson that the $3,000 loaned by him and secured by the mortgage in question, on the 200-acre tract of land, was used to liquidate mortgage liens upon the land at the time and to pay a part of the purchase money for the land purchased by Mrs. Sims from Mrs. Stansbury, and, on that account, he asked that a lien be declared on the land for the amount advanced, and for a foreclosure of the lien to pay the amount. A summons was issued on the cross-complaint and served upon the guardian of Ada Sims, who had instituted the suit.

The court found that Mrs. Sims was without capacity to contract at the time she executed the mortgage, but that her condition was unknown to any of the appellees, and that the money loaned by E. G. Thompson to her was used to liquidate existing liens on the several tracts of land and to pay a part of the purchase money for the 100-acre tract bought from her sister, and decreed a lien for the amount loaned, with interest, upon the entire 200-acre tract and ordered a sale thereof to pay the indebtedness. The sale was made, at which B. W. Jones, who was not a party to the cause, purchased the land for $3,600, which was reported to and confirmed by the court.

The appellees filed a motion to dismiss the appeal on the ground that the time elapsed for taking an appeal on the 2d day of November, 1916. At the time the decree was rendered, the general statute governing appeals allowed one year from the rendition of the decree within which to take an appeal; later, the statute was amended so as to allow only six months. A ruling on the motion was withheld until the final submission of the cause, and appellees now insist on a dismissial for the reason assigned in the motion. It is contended that, because appellant, through her regular guardian, instituted the suit, she was the moving party and was bound by the decree

of the court as a person *sui juris,* and was therefore compelled to appeal within the year period. Section 2140, Crawford & Moses' Digest, the general statute covering appeals to the Supreme Court, reads as follows: "An appeal or writ of error shall not be granted, except within six months next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant, or of unsound mind at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within six months after the removal of their disabilities or both." It will be observed that no distinction is made in the statute between persons of unsound mind on account of being plaintiffs or defendants in a suit. This court said, in the case of *Evans v. Davis,* 146 Ark. 595, that the statute, "permits an appeal to be taken by a person of unsound mind within six months after the removal of such disability." The motion to dismiss is overruled.

Appellant's first contention is that the decree was void because rendered on the cross-complaint of E. G. Thompson, to which no answer was filed for the *non compos mentis,* either by the regular guardian or by a guardian *ad litem.* The matter set up in the so-called cross-complaint of E. G. Thompson was in the nature of an equitable defense to appellant's bill asking for a cancellation of the debt and mortgage and did not necessarily call for an answer from a guardian of a party to the suit. The court had jurisdiction of the subject-matter and parties, so, if any errors were committed in the rendition of the decree, it was erroneous and not void. *Boyd* v. *Roane,* 49 Ark. 397. The decree ordering the sale not being void, B. W. Jones, who bought the land at the judicial sale, acquired rights as a purchaser which will be protected. *Buford* v. *Briggs,* 96 Ark. 150; *Dodson* v. *Butler,* 101 Ark. 416; *Evans* v. *Davis, supra.*

Appellant's next and last contention is that the court erred in failing to return appellant the purchase price

of the 100 acres of land which she owned individually before purchasing the 100 acres from her sister, Mrs. Stansbury, less $520.83 with accrued interest, which was paid out of the $3,000 loan made to her by E. G. Thompson, agent.

Appellees say that this contention presents a new or different issue, not determined in the lower court. Not so. This issue was determined adversely to the contention of appellant in the court below when the court, under the doctrine of subrogation, allowed E. G. Thompson the proceeds from the sale of Ada Sims' individual lands to repay the money advanced to her to buy other lands. We think it was error, under the doctrine of subrogation, to impose a lien upon appellant's individual lands for money advanced or loaned to her with which to purchase the 100-acre tract from her sister. In further reply, appellees say that, according to the weight of authority, unless the parties can be restored to their original positions, courts will not set aside contracts made with insane persons at their instance, without notice of the infirmity, if the contracts were for a fair consideration and without fraud or imposition. The mortgage contract between Ada Sims and E. G. Thompson was set aside by the trial court on the ground that Ada Sims was insane at the time she executed it, and E. G. Thompson prosecuted no appeal to this court from that decision. Again, the doctrine contended for by appellee is not in accordance with the doctrine adopted by this court. In the case of *Henry* v. *Fine*, 23 Ark. 417, after deciding that contracts of this character made with insane persons without notice of the infirmity might be avoided at their instance, the court ruled that, in order to avoid the sale, it was not necessary to pay or tender the consideration paid by the purchaser. The doctrine there announced was reaffirmed in the later case of *George* v. *St. L., I. M. & S. Ry. Co.*, 34 Ark. 613, in which this court disapproved an instruction incorporating the doctrine contended for by appellee in the instant case. It is unnecessary to determine where the weight of authority lies

since this court has announced the doctrine that an insane person may rescind a contract of this character without restoring or offering to restore the consideration received. It goes of course without saying that, if the insane person had the possession or control of the consideration received, he would be required to restore it before a rescission would be decreed, but, if the insane person had parted with the consideration, no such requirement is a necessary prerequisite to canceling the contract. It was proper for the trial court, under the doctrine of subrogation, after setting the contract aside, to charge Ada Sims' individual land for money advanced or loaned to her by E. G. Thompson to liquidate valid, subsisting liens upon that particular land.

While appellant can not have restitution of her individual tract of land which passed at the sale to the purchaser, B. W. Jones, she is entitled to restitution of a proportionate share of the proceeds of the sale. For example: If her individual 100-acre tract was of equal value with the 100 acres purchased from her sister, then she should have, by way of restitution, $1,800, one-half of the purchase price of the 200-acre tract, less the amount used out of the loan to pay the Anna Volkmer mortgage with interest thereon to the date the purchase money was paid into court for distribution.

For the error indicated, the decree is reversed and the cause remanded with directions to proceed in accordance with this opinion.