## HOLCOMB *v.* BOWE.

### Opinion delivered July 10, 1922.

1. EQUITY—MORTGAGES—FORECLOSURE OF DEED ABSOLUTE INTENDED AS MORTGAGE.—Where a deed absolute in form is held to be a mortgage, at suit of the grantor, in foreclosure, the court applying the equitable rule that he who asks equity must do equity, will charge the grantor with the grantee's expenditures, including water bills, insurance and taxes paid, and will credit the grantor with the rental value of the land during the grantee's possession.

2. CANCELLATION OF INSTRUMENTS—DURESS—SUBROGATION.—Where plaintiff seeks to have a deed given to defendant set aside entirely upon the ground of duress, he cannot complain because the court treated the deed as a mortgage and charged plaintiff with a previous mortgage indebtedness on the land which defendant had paid, as, had the deed been set aside, the court would have given similar relief by way of subrogation.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

STATEMENT OF FACTS.

Mary Holcomb, by her next friend, Jennie Gyce, brought this suit in equity against Justus Bowe to set

aside a deed on the ground of the mental incompetency of the grantor.

It appears from the record that Mary Holcomb owned certain real estate in the city of Hot Springs, Ark., which she had mortgaged to M. H. Pemberton for $1,000, and upon which there was a balance due of principal and interest of $1,150. Mary Holcomb executed a deed to said property to Justus Bowe, and the consideration recited in the deed was $1,150.

Evidence was introduced on the part of the plaintiff tending to show that Mary Holcomb was not mentally competent to transact business in general at the time the deed in question was executed, and that the execution of a deed absolute in form was procured by the undue influence of Justus Bowe over her.

It was further shown that Bowe had promised to pay off a mortgage which Pemberton held on the property, and that it was the intention of the parties that the deed from Mary Holcomb to Bowe should be a mortgage.

On the other hand, there was evidence in behalf of Bowe tending to show that the transaction was a conditional sale and not a mortgage. Inasmuch as the court found the facts on this branch of the case in favor of the plaintiff, and no appeal has been taken by the defendant, it is not necessary to set out the testimony in detail.

The chancellor found that the transaction was a mortgage, and a decree of foreclosure was entered of record.

The plaintiff has duly prosecuted an appeal to this court.

*R. G. Davies,* for appellant.

To invalidate a deed on the ground of insanity, the insanity must show inability to exercise reasonable judgment in regard to the matter involved. 115 Ark. 436. Where the consideration of a deed is the undertaking by the grantee to support the grantor, and he fails to comply with such undertaking, the grantor's remedy is either to sue at law for the amount of the consideration, or else

treat the contract as void and sue in equity to cancel the deed. 103 Ark. 464.

*C. T. Cotham* and *Frauenthal & Johnson,* for appellee.

HART, J., (after stating the facts). The court found that, although the deed was absolute in form, it was intended as a mortgage. The deed was treated by the court as a mortgage, and a foreclosure thereof was granted for the balance due.

The undisputed evidence shows that Mary Holcomb owed M. H. Pemberton $1,150, the balance due on a mortgage which she had executed to him on the property. The mortgage indebtedness bore interest at the rate of ten per cent. per annum.

In the present case, judgment was rendered in favor of Bowe against Mary Holcomb for the balance due on the mortgage indebtedness. The defendant was allowed credit in certain amounts for water bills, insurance, and taxes which he had paid on the property and the further sum of $60 which he had furnished Mary Holcomb for her support. He was charged with the rental value of the property while he had it in his possession, and judgment was rendered in his favor against the plaintiff for the balance of the mortgage indebtedness.

There was no error in the action of the court in this respect. The court followed the rule that he who asks equity must do equity, and properly decreed that relief against the deed should be granted the plaintiff on condition that she pay off the mortgage indebtedness against the property. This was treating the transaction between the plaintiff and the defendant as a mortgage, and was strictly in accordance with the prayer of the complaint.

The action of the court was in accord with the rule laid down in *Bryan* v. *Hobbs,* 72 Ark. 635. In that case it was held that where a mortgagee by duress compels the mortgagor to execute an absolute deed to his wife in satisfaction of the mortgage debt and a further indebted-

ness which the mortgagor was willing to secure, equity will treat the instrument as a security merely, and grant relief on condition that the mortgagor pay the debt he intended to secure.

Here it is claimed that the deed was procured by the undue influence of the defendant, and the plaintiff was granted the same relief as was granted in the above case where the deed was procured by duress.

Again, if the contention of counsel for the plaintiff to the effect that the transaction should be set aside entirely be sustained, the relief granted would be the same. It was proper for the chancery court, under the doctrine of subrogation, after setting the deed aside, to charge Mary Holcomb with the money advanced in paying off the mortgage on the land to Pemberton and to subrogate the defendant to Pemberton's rights in the premises.

In *Hudson* v. *Union & Mercantile Trust Co.*, 148 Ark. 249, it was held that, under the doctrine of subrogation, one lending money to an insane woman to buy land may have a lien thereon for the amount of such purchase money. One who pays a debt at the instance of the debtor is not a volunteer; and if at the time of payment he manifests an intention to keep the lien alive for his protection, he will in equity be subrogated to the rights and remedies of the creditor. *Rodman* v. *Sanders*, 44 Ark. 504.

The undisputed evidence shows that Bowe paid off the mortgage indebtedness of Mary Holcomb, and it is manifest that he at least intended to keep the lien alive by taking a deed to the property absolute in form, although the instrument should in equity be treated as a mortgage, and although Mary Holcomb should be considered insane at the time of its execution.

The chancellor only allowed the defendant interest at the same rate the mortgage indebtedness bore. He also allowed him credit for insurance, taxes, and water bills paid by him, and properly charged him with the

rental value of the premises after the execution of the·
deed to him by Mary Holcomb.

Bowe had charge of the property for about two years,
and the chancellor found that its rental value was $24
per month.   After deducting the expenses above men-·
tioned, the chancellor applied the rents on the mortgage
indebtedness and rendered judgment in favor of the de-
fendant against the plaintiff for the balance due.

It would serve no useful purpose to discuss these
specific findings of the chancellor in detail.   It is suffi-
cient to say that the chancellor's finding of facts is sup-
ported by the evidence, and the decree must be affirmed.