4-5804 137 S. W. 2d 736

Opinion delivered February 26, 1940.

*F. W. A. Eiermann,* for appellant.

*Byron R. Bogard* and *Milton McLees,* for appellee.

Holt, J. Appellants brought this suit in the Pulaski chancery court to cancel certain tax deeds issued by the State Land Commissioner to appellee and another deed subsequently issued by appellants to appellee upon identical property.

Appellants alleged that they were the owners of lots 3 and 4, block 8, Haney's Subdivision to the city of North Little Rock, and of lots 15, 16, 17, 18, 19, 20, 21, 22, block 1, Thompson's Garden Addition to Argenta, now North Little Rock, Arkansas; that by agreement appellee paid the taxes due on this property and to secure him they agreed to give him a mortgage only on lots 3 and 4, block 8, Haney's Subdivision, but that appellee fraudulently secured from them a warranty deed on all the property above described.

They further alleged that appellee without their consent built a small house on one of the lots and made other improvements for which they are not liable; that they were only liable to appellee for taxes which he paid for them in the total sum of $111.47, but that he had collected rents from the property to more than reimburse him for this sum.

Appellee answered denying any fraud, and alleged that he had performed his part of the agreement, that the deed in question was executed in good faith by appellants, that the improvements which he made on the property were at the request of and by an oral agreement with appellants, that the total amount expended by him for the benefit of appellants for taxes, including improvement district assessments, and the improvements on the property was $832.97, and admitted that he had obtained in rentals from the house, which he erected on the property, the sum of $286.

The trial court found in effect that pursuant to an agreement between appellants and appellee, appellee redeemed from forfeiture to the state of Arkansas the following described properties, to-wit: lots 3 and 4, block 8, Haney's Subdivision to the city of North Little Rock, and lots 15, 16, 17, 18, 19, 20, 21, and 22, block 1, Thompson's Garden Addition to the city of North Little Rock, and that appellee paid thereon in accordance with such agreement all sums of money required for such redemption. He also paid special improvement district taxes upon said real estate. On the Haney property, he paid $16.59 for a deed from the land commissioner, $26.59 for general taxes, and $44.52 for improvement district taxes, or a total of $87.70. On the Thompson's Garden property; he paid $94.88 for a deed from land commissioner, $55.79 for general taxes, and $119.27 for improvement district taxes, or a total of $270.27; that appellants executed to appellee a warranty deed to said real estate on the 13th day of February, 1937; that under an agreement with appellants, appellee erected a dwelling on lot 4, block 8, Haney's Subdivision, and made certain repairs to premises on Thompson's Garden property, paying therefor;

that it was the intention and purpose of the parties that appellee should be secured for the reimbursement of the moneys expended by him and advanced by him, and that the said moneys were intended by the parties as a loan; that there was no fraud in the execution of said deed. That appellee has obtained from the rental of said dwelling the sum of $286 and is indebted to appellants in said sum of $286; that the reasonable value of said dwelling is $450, and repairs in Thompson's Garden property $25; that the warranty deed should be and is declared a mortgage on all of said properties; that a lien is declared on all of said properties to secure the payment of $832.97, less the indebtedness of appellee in the sum of $286, or a remaining total of $546.97.

And further decreed that if said sum and interest shall not be paid within a reasonable time to be fixed by the court, the sale of any, or all, of said property, not previously redeemed by the appellants, in the usual manner.

From this decree comes this appeal.

The record reflects that appellants, Henry Williams and Mary Williams, his wife, were the owners of the property in question. They had failed to pay their general taxes and certain improvement district assessments on this property and as a result it had been forfeited to the state for the nonpayment of taxes for 1932. Appellee agreed to advance the money to redeem this property, after he and appellant, Mary Williams, had gone together to the offices of the tax collector and the State Land Commissioner to ascertain the status of the property. Subsequently appellee paid all taxes due on the property, including the improvement district taxes as well as the general taxes, and obtained tax deeds from the state in his own name.

The testimony on the part of appellee reflects that appellants understood and agreed that these tax deeds should be taken in the name of appellee and that if these moneys were repaid by appellants within three years, appellee was to release his rights under the tax deeds.

There is evidence on the part of appellants that these tax deeds were to be taken in their names and not that of appellee.

There is testimony on the part of appellants that they agreed to execute, and thought they were executing, to appellee a mortgage on lots 3 and 4, block 8, Haney's Subdivision, only, to secure all the moneys advanced and expended by appellee in their behalf, and on the part of appellee there is evidence that appellants willingly agreed to and did execute a warranty deed to appellee covering all the lots in question.

It is undisputed that appellee expended for the benefit of appellants in taxes and improvements the total sum of $832.97 and that he received in rentals from the small dwelling which he built on the property the sum of $286.

The record further reflects that at the instance of appellants and under an oral agreement between appellants and appellee, appellee erected a small house on this property at an expense of $475 and improved the dwelling in which appellants lived at the time at an expense of $25. Appellants admitted that these improvements were placed on the property to enhance its rental value.

There is evidence that appellants were on the premises during the erection of the building and Mary Williams admitted that she participated in certain work on the building, being paid therefor by the contractor, and certain modifications of the building were made to conform to her wishes.

There is also evidence that this building was erected primarily for a home for appellants but on their refusing to move into it, it was rented by appellee for $11 per month, and the rent money paid to him.

We think it unnecessary to abstract further the testimony. After a careful review, however, of the evidence, it is our view that the findings of the chancellor are not against the preponderance thereof. We are also of the view that the learned chancellor was correct in declaring the deed in question a mortgage, and that it was so intended by the parties at the time of its execution.

It is undisputed that appellee actually spent $832.97 on this property. Appellants were allowed credit in the sum of $286 rentals collected by appellee, and after this deduction they are due, under their mortgage, to appellee the sum of $546.97 as recited in the decree.

In *Holcomb* v. *Bowe*, 154 Ark. 543, 243 S. W. 803, this court said:

"In the present case, judgment was rendered in favor of Bowe against Mary Holcomb for the balance due on the mortgage indebtedness. The defendant was allowed credit in certain amounts for water bills, insurance, and taxes which he paid on the property, and the further sum of $60, which he had furnished Mary Holcomb for her support. He was charged with the rental value of the property while he had it in his possession, and judgment was rendered in his favor against the plaintiff for the balance of the mortgage indebtedness.

"There was no error in the action of the court in this respect. The court followed the rule that he who asks for equity should do equity, and properly decreed that relief against the deed should be granted the plaintiff on condition that she pay off the mortgage indebtedness against the property. This was treating the transaction between the plaintiff and the defendant as a mortgage, and was strictly in accordance with the prayer of the complaint."

Appellants urge, however, that they should not be required to reimburse appellee for the improvements which he placed on their property for the reason that he did it voluntarily, without their consent, and without color of title.

At the time these improvements were made, appellee not only held state tax deeds to the property in question, but also a warranty deed from appellants, and certainly he had not only color of title, but title in fee simple.

Aside from this, we think it clear from a preponderance of the testimony, that appellants knew of, and consented to, these improvements, and that they were made by appellee by the mutual agreement and understanding

that he had with appellants at the time, and appellants must be held responsible to appellee for the cost of same.

On the whole case, finding no errors, we conclude, therefore, that the decree of the chancellor is correct and accordingly we affirm.