## STATE EX REL. LUCK V. ATKINS.

### Decided May 24, 1890.

1. *Guardian's sureties—Subrogation to wards' rights.*

The sureties on a deceased guardian's bond, who have been forced to make good his default, will be subrogated to the remedy of the wards against the guardian's homestead.

2. *Circuity of action—Subrogation without payment.*

To avoid circuity of action, equity will subrogate the sureties on a deceased guardian's bond to the right of the wards to subject his homestead to the payment of a debt due by the guardian to the wards, before requiring the sureties to make good the guardian's default, where the wards are the children and sole heirs of the guardian, and therefore entitled to hold such homestead.

3. *Infant—Decree* pro confesso *against.*

A decree *pro confesso* against an infant is erroneous.

APPEAL from *Monroe* Circuit Court in Chancery.

M. T. SANDERS, Judge.

Action in name of the State, on the relation of T. B. Luck,

guardian, and the four minor heirs of W. M. Walkup, deceased, against J. H. Atkins and others, as sureties on decedent's bond as guardian for such minors, to recover an indebtedness due by decedent as guardian to such minors, as determined by the judgment of the probate court. Defendants' answer and cross-complaint alleged that decedent had left a homestead to the minors in value exceeding the amount of his indebtedness to them as guardian, and asked that the cause be transferred to equity, and that they be subrogated to the rights of the minor heirs. The cause was transferred, and, there being no answer to the cross-complaint filed, a decree *pro confesso* was rendered, declaring the homestead to be an equitable set-off in favor of defendants, who were also cross-complainants, and plaintiffs were enjoined from further prosecution of the action on the bond.

*H. A. Parker* for appellant.

1. It was not necessary to prove the claim against estate, or to wait until the estate was fully administered to bring suit. 48 Ark., 261.

2. Appellees were certainly not entitled to subrogation until they paid the debt. 1 N. E. Rep., 485; 124 U. S., 534. The right is never accorded to a mere volunteer. 120 U. S., 287; 3 N. E. Rep., 753; 11 Atl. Rep., 122; 14 N. W. Rep., 331. There can be no substitution to the rights of a party who is not wholly satisfied. 5 Wait, Ac. and Def., 213; 5 Atl. Rep., 877. Nor is it ever applied where it works injustice. 19 N. W. Rep., 580.

3. Art. 9, sec. 3, constitution, is for the protection of the minor, and not for his injury. The right is personal to the minors, and cannot be extended to bondsmen of the guardian. 27 N. W. Rep., 536; 2 Atl. Rep., 18; 5 Atl., Rep., 811; 1 Atl. Rep., 326; 7 Atl. Rep., 788; 12 N. E. Rep., 414; 27 N. W. Rep., 532, and notes; 5 S. W. Rep., 878. By sec. 6, art. 9, constitution, the homestead is vested abso-

lutely in the children after mother dies, and by section 10 the minors have the same homestead right as their deceased parents.    Under these sections the homestead comes to them free of liens or trust debts, and it is theirs absolutely.

*Price & Green* for appellees.

The children take just such an estate in the homestead as their father held, no more, no less.  The homestead was subject to the debts enumerated in article 9.   The case of *Gilbert v. Neely*, 35 Ark., 24, is conclusive.   This decision was made under the constitution of 1868, but the provisions of the constitution of 1874 are substantially the same.

The case properly transferred to equity.  38 Ark., 557. Equity will always interfere to prevent multiplicity of suits. 4 Ark., 302.   The decree was for the best interest of the children.

COCKRILL, C. J.   The controlling question in this case is settled by the judgment in *Gilbert v. Neely*, 35 Ark., 24. See, too, Harris on Subrogation, secs. 281 *et seq.;* Sheldon on Subrogation, sec. 89; *Rice v. Rice*, 108 Ill., 199.   In that case the sureties in a deceased guardian's bond, who were forced to make good the default of their principal, were held to be subrogated to the ward's right to subject the homestead of the guardian to sale for the payment of the debt contracted in his fiduciary capacity, as against the widow of the deceased guardian.   The heirs being necessary parties, the cause was remanded in order that they might be brought in; and the opinion states that, if they should prove to be minors, their right to the homestead would in like manner be subordinate to the sureties' remedy to subject it to the payment of their demand.   The rights of the parties in that case were governed by the constitution of 1868, while this cause is controlled by the provisions of the constitution of 1874; but there is nothing in the latter instrument to alter the rule es-

1.  Guardian's sureties—Subrogation to ward's rights.

tablished by the case cited. By section 3 of article 9 of the constitution of 1874, the homestead is not exempt from sale under process issued for the collection of money due in his fiduciary capacity from a trustee of an express trust; and guardians are specially mentioned as such trustees. In that respect the provisions of the latter constitution are specific in their application to this class of cases. As explained in the former case, the right of the minors to the homestead is a derivative right—they succeed to it as their ancestor possessed it, subject to the liabilities which legally existed against it in his hands. His death does not displace the superior right of the creditor to condemn the homestead for the satisfaction of a debt incurred by violation of a trust, any more than for the satisfaction of the specific liens to which the same provision of the constitution renders the homestead liable.

2. Circuity of action –Subrogation without payment.

But it is argued that the sureties must pay the debt due to the wards before they can be substituted to the benefit of their right to condemn the homestead of their guardian. That a surety can not have subrogation till he pays the debt, is the established rule. *McConnell v. Beattie*, 34 Ark., 113. But equity abhors a multiplicity of suits, and adjusts the rights of parties without circuity of action when it is feasible to do so. The parties to whose rights the sureties in this cause would be substituted on payment of the debt are the plaintiffs who are seeking its collection; and the only means by which the sureties could reimburse themselves after payment would be by sale of their principal's homestead, the right to the enjoyment of which the law has cast upon the plaintiffs. It would be unreasonable to require the sureties first to pay the plaintiffs the debt their father owed them, and then sue them to have the money back again. *Dugger v. Wright*, 51 Ark., 235. The assets of their father's estate have been exhausted in the course of administration; they are the sole heirs; and the value of the homestead exceeds the amount

of the debt due.   *Prima facie*, therefore, it is not to their interest to sacrifice the homestead.   They may elect to collect the debt at the sacrifice of the homestead, but they cannot collect the debt and retain the homestead.

The cause was submitted upon the pleadings without proof, and, there being no answer to the cross-complaint, it was taken as confessed, and a decree entered against the interest of the minors.   That was erroneous.   There must be an answer for the infants, and proof of every material allegation prejudicial to their rights, before the rendition of judgment against them.   *Pinchback v. Graves*, 42 Ark., 222; *Driver v. Evans*, 47 Ark., 300.

For this error the judgment is reversed, and the cause will be remanded for further proceedings.

*3. Decree pro confesso against infant is erroneous.*