COOK ET AL VS EDSON KEITH & CO.

Opinion delivered October 19, 1904.

1. *Infants—Judgments Against—Voidable, not Void.*

Judgments, rendered by default, but after due personal service, against an infant are voidable, only, not void.

2. *Infants—Judgments—Enforcement of—Proceedings to Prevent.*

Sec. 3909 Mansf. Dig. (2589 Ind. Ter. Stat.) provides for the vacation of judgments rendered against infants, and Sec. 3911 Mansf. Dig. (2591 Ind. Ter. Stat.) the method by which such vacation is accomplished, while Sec. 3914 Mansf. Dig. (2594 Ind. Ter. Stat.) provides that an injunction may be had suspending proceedings to enforce such judgment pending its vacation. *Held*, that in view of

these provisions of the statute, an infant is not entitled to an injunction against the levy of an execution under a judgment rendered after personal service where the minority did not appear in the proceedings, without taking any of the steps provided by statute for relief from such judgment.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Suit by S. B. Cook and others against Edson Keith & Co. Judgment for defendants. Plaintiffs appeal. Affirmed.

On the 20th day of October, 1893, the appellees, Edson Keith & Co., recovered a judgment in the United States Court at Ardmore, Ind. Ter., against D. F. Cook, Walter Cook, Herbert Cook, and the appellant S. B. Cook for the sum of $369.58, with interest at 6 per cent. per annum and cost of suit. On the 1st day of January, 1903, appellees caused to be issued on said judgment an execution, and the same was levied on the goods and chattels of appellant S. B. Cook. On the 16th day of February, 1903, the plaintiff below and the appellant here filed his complaint in equity in the United States Court at Chickasha, Ind. Ter., whereby he sought to escape liability under said judgment, and asked that said execution be enjoined on the grounds that he was a minor at the time said judgment was rendered, and that there was no service of summons had upon him. On the 18th day of February, 1903, the court granted a temporary order that the sale of said property under the execution as aforesaid be stayed and enjoined pending the further order of the court upon the plaintiffs (appellants here), giving a good and sufficient bond in the sum of $1,000 to the defendants to comply with and perform any further orders of the court. Said bond was given with

H. C. McKay and W. C. Pimm as sureties. On the 28th day of March, 1903, the defendants, Edson Keith & Co., filed their answer, alleging the recovery of the judgment in the United States Court at Ardmore against D. F. Cook, Walter Cook, Herbert Cook, and appellant S. B. Cook for the sum $369.58, with 6 per cent. interest per annum; that the same was a good and valid judgment, recovered after due and legal notice on all the parties defendant; and alleged that S. B. Cook was duly and legally summoned as set out in said judgment, and that said judgment had never been appealed from or vacated in any manner, and was and is still a valid and binding judgment against S. B. Cook. Defendants admitted the issuance of execution on said judgment, and that the same was levied upon the goods and chattels of S. B. Cook, and claimed that said property should be subjected to said execution. The defendants asked for judgment dissolving the temporary injunction and for judgment against the bondsmen, H. C McKay and W. C. Pimm. Under a general order the case was referred to the master, who found the plaintiff S. B. Cook was properly served with summons when the judgment of Edson Keith & Co. was rendered against him, and that he was a minor at that time. On the 12th day of November, 1903, the court heard the report of the master and the issues joined thereon, and dissolved the temporary injunction, and rendered judgment in favor of Edson Keith & Co. against S. B. Cook and the sureties on his injunction bond, to wit, H. C. McKay and W. C. Pimm, for the sum of $369.58, with interest thereon at the rate of 6 per cent. per annum and costs of suit, from which judgment S. B. Cook, H. C. McKay, and W. C. Pimm appealed, and filed their supersedeas bond, with the United States Fidelity & Guarantee Company as surety.

*Frank M. Bailey,* for appellants.

*N. M. Williams* and *Wallace Hendrix,* for appellees.

GILL, J.   The contention of the appellant in this case is that the judgment in which the appeal is taken, being against a minor not legally represented, is absolutely void, and that he need not, to protect himself, resort to an appeal, or an action to nullify the judgment; and he cites several cases to sustain this position.   The principal question to be decided in this case is whether the original judgment complained of in this case is void or voidable.   If it is a void judgment. as Mr. Freeman well says, "it is, in legal effect, no judgment.   By it no rights divest; from it no rights can be obtained.   Being worthless in itself, all proceedings founded upon it are equally worthless.   It neither binds nor bars any one.   The acts performed under it, and all claims flowing out of it, are void.   The parties attempting to enforce it may be responsible as trespassers.   The purchaser at a sale by virtue of its authority finds himself without title and without redress.   The first and most material inquiry in relation to a judgment or decree, then, is in reference to its validity, for, if it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, no power residing in any legislative or other department of the government, can invest it with any of the elements of power or of validity."   Freeman on Judgments (3d Ed.) § 117.   But is a judgment by default against an infant, where he has been personally served, a void judgment? Mr. Freeman, in his work on Judgments, § 151 (3d Ed.) supra, says: "The general tendency is to regard the plea of infancy as a personal plea, which may be waived; and, whether such plea is interposed or not, a judgment or decree against an infant properly before the court is as obligatory upon him as though he were an adult, except in cases where he is allowed time after coming of age to show cause against the judgment or decree."   In support of this Mr. Freeman cites numerous authorities, and he further says in the same section: "If an absolute decree be made against an infant, he is as much bound as a person of full

age, and will not be permitted to dispute the decree except upon the same grounds which would be available if he were an adult." Mansfield's Digest, by which we are controlled in this jurisdiction, makes special provision in regard to infants, and how process shall be served upon them and judgment obtained against them. Mansf. Dig. § 4957 (Ind. Ter. St. 1899, § 3162), provided, among other things, for the appointment of a guardian ad litem, and that "no judgment can be rendered against an infant until after a defence by a guardian." Under this section it is held by the Supreme Court of Arkansas in a number of cases to be error to render a judgment by default, or decree pro confesso against an infant. A guardian must be appointed, and a defense made. Morris vs Edmonds, 43 Ark. 427; State vs Atkins, 53 Ark. 303, 13 S. W. 1097; Benjamin vs Birmingham, 50 Ark. 433, 8 S. W. 183. Now, in the case at bar, the record shows that the appellant was sued in the court below as though he were an adult, in connection with his father and brothers. Personal service of summons was had upon him the same as it was had upon his father and brothers. The record of the cause in which the judgment was had is absolutely silent as to whether or not appellant, when sued, was of age or otherwise. The presumption is in favor of the regularity of the proceedings in the court below leading up to the judgment, and under the authorities cited by Mr. Freeman, supra, the appellant is as much bound by that judgment as though he were an adult. But our statute goes further, and provides how an infant defendant, against whom a judgment has been rendered, may obtain a modification or vacation of any judgment pronounced against him during minority after the expiration of the term at which the judgment was rendered. Section 3909 of Mansfield's Digest (section 2589, Ind. Ter. St. 1899) is as follows: "The court in which a judgment or final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order: * * * Clause 5th: For erroneous proceeding

against an infant, married woman or person of unsound mind where the condition of such defendant does not appear in the record, nor the error in the proceedings.    *    *    *    Clause 8th. For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 5184. It shall not be necessary to reserve in a judgment or order the right of an infant to show cause against it after his attaining full age; but in any case, in which but for this section such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment." Mansf. Dig. § 3911 (Ind. Ter. St. 1899, § 2591), provides: "The proceedings to vacate or modify the judgment or orders on the grounds mentioned in the 4th, 5th, 6th, 7th and 8th subdivisions of section 3909, shall be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defence to the action, if the party applying was defendant. On the complaint, a summons shall issue and be served, and other proceedings had as in an action by proceedings at law." And it is held in Johnson vs Campbell, 52 Ark. 316, 12 S. W. 578, that a judgment of the Circuit Court cannot be vacated after the expiration of the term at which rendered, except upon complaint filed in accordance with the provisions of this section.

Now, it was attempted on the part of appellant to come into court and get an injunction to restrain the levy of an execution upon a judgment rendered against him without any effort on his part to vacate or modify the judgment complained of. In other words, to allow the record of the court awarding judgment against him to stand, and yet absolutely, by a distinct proceeding, to control that record, and this in the face of the statute which requires him to proceed in a certain way to control that record. In other words, the appellant says, "The statute by which I am allowed to assert my rights shall not control me, but I will assert

my rights in an altogether different way." We think he is powerless to attempt to vacate or modify or attack this judgment in any way except as the statute provides. Especially do we entertain this view because the statute provides absolutely that he may have an injunction for the purpose of vacating or modifying this judgment. That is to say, if the execution creditors were erroneously seizing his property on an erroneous judgment against him—the error being that the court entered judgment while he was of nonage—he would have the right to vacate or modify that judgment for that very reason; and he would further have the right to stop the levy of the execution until he could go before the court in which the judgment was rendered and show the error, provided he began his proceedings within proper time. Mansf. Dig. § 3914 (Ind. Ter. St. 1899, § 2594), reads as follows: "The party seeking to vacate or modify a judgment or order, may obtain an injunction suspending proceedings on the whole or part thereof, which injunction may be granted by the court or any officer authorized to grant injunctions, upon its being rendered probable, by affidavit or exhibition of the record, that the party is entitled to have such judgment or order vacated or modified."

We are satisfied that there was no error on the part of the court below in confirming the master's report in dissolving the injunction and in pronouncing judgment on' the supersedeas bond, and therefore such judgment will be affirmed.

RAYMOND, C. J., and CLAYTON, J., concur.