L. G. EVERIST, INC., *v.* J. SAM WOOD, CHANCELLOR ON EXCHANGE.

4-6796                                    161 S. W. 2d 18

Opinion delivered April 20, 1942.

*Miles & Young,* for petitioners.

*Hardin & Barton* and *Daily & Woods,* for respondent.

GREENHAW, J.   This is a petition for a writ of prohibition to restrain respondent, judge of the Sebastian chancery court on exchange of circuits, from proceeding further in a suit by several insurance companies against petitioners, and to dissolve an order of that court restraining L. G. Everist, Inc., one of the petitioners, from removing its property from the jurisdiction of the court.

Petitioners are nonresident corporations duly authorized to do business in this state, and since September or October, 1941, it is alleged they have been operating a quarry in Fort Smith and engaging in blasting operations there.  The home office of L. G. Everist, Inc., is Sioux Falls, South Dakota, and the home office of Western

Contracting Corporation is Sioux City, Iowa, Hubert Everist being president of both companies.

The complaint, filed March 13, 1942, by Employers' Fire Insurance Company and 37 other insurance companies, alleges that plaintiffs have issued insurance policies on numerous pieces of property in Fort Smith, insuring against loss by fire and other perils, including explosion. Negligent explosion of dynamite by petitioners has injured many of these properties, the owners of which have notified plaintiffs of their damages and their intention to file claims under their policies when the work has been completed and after all of their damages, present and future, have been ascertained. Plaintiffs allege that they will be liable for these damages under the terms of their policies, and they are entitled to be subrogated to the rights of their assureds against petitioners in whatever sums they may be compelled to pay by reason of damages caused by petitioners. Sixty-eight policyholders were made defendants, along with petitioners, and it was prayed that the policyholders be required to assert whatever claims they might have against plaintiff insurance companies.

The complaint further alleges that petitioners have large amounts of property within this state which they are about to remove, leaving no assets in this state out of which plaintiffs or their assureds may make collection of their claims. Plaintiffs pray that petitioners be restrained from removing their property from the jurisdiction of the court, and that plaintiffs have judgment against petitioners for all amounts which they are compelled to pay the policyholders under the terms of their policies.

Petitioners' motion to dismiss was overruled, and on March 18, 1942, the court entered an order restraining L. G. Everist, Inc., from removing its property from the jurisdiction of the court, upon plaintiffs' executing bond for $25,000, which bond was executed, filed and approved. The restraining order further provided that L. G. Everist, Inc., might remove its property upon its executing and filing a bond for $25,000, conditioned upon payment of all sums which might be adjudged against it.

The complaint alleges that suit is brought in equity (1) because there is involved a complicated accounting, (2) to avoid multiplicity of suits, and (3) because plaintiffs have no adequate remedy at law. It is further contended that the chancery court of Sebastian county had jurisdiction in order to prevent a circuity of action, and to afford relief to plaintiffs under the law of subrogation, it being insisted that plaintiffs are entitled under the policies to be subrogated to the rights of the policyholders for the damages which have been sustained by them, after they have been paid by plaintiffs.

Petitioners contend that no accounting is involved, and that equity jurisdiction to avoid a multiplicity of suits is not applicable for the reason that all suits, if filed at law, could be consolidated and tried together. It is further contended by petitioners that the court is without jurisdiction to restrain L. G. Everist, Inc., from removing its property out of this state for the reason that the company is authorized to do business in this state and has an agent upon whom service may be had.

We are unable to agree with the contention of petitioners that the equitable jurisdiction to prevent a multiplicity of suits would not apply. It is asserted that some of the claims or suits might be so small as to be cognizable only in a justice of peace court, while others would have to be filed in the circuit court.

In the case of *Fidelity & Deposit Company* v. *Cowan*, 184 Ark. 75, 41 S. W. 2d 748, the lower court assumed jurisdiction and proceeded to adjudicate all issues, both legal and equitable. In that case this court said: "It is insisted also that the court erred in consolidating the cases, and that the state of the pleadings did not warrant the decree entered of record by the chancery court. We do not agree with counsel in this contention. Equity abhors a multiplicity of suits and adjusts the rights of parties without circuity of action, whenever it is feasible to do so. This principle of equity jurisprudence is so well settled that we need cite only the following cases: *State* v. *Atkins*, 53 Ark. 303, 13 S. W. 1097; *Bledsoe* v. *Carpenter*, 160 Ark. 349, 254 S. W. 677; *Martin* v.

*State,* 171 Ark. 576, 286 S. W. 873; and *K. C. S. Ry. Co.* v. *Fort Smith Suburban Ry. Co.,* 180 Ark. 492, 22 S. W. 2d 21.''

In the case at bar the injury to the various properties was alleged to be a continuing one, in that work was still in progress and damages still occurring to properties, and that until the blasting had been completed and the property owners were able to ascertain all of the damages which had occurred, and would occur to their properties, they were unwilling to file claims, and that after the work is completed the petitioners would remove all of their property from this state leaving nothing from which damages could be collected.

It is well settled that inadequacy of the remedy at law (unless the legal remedy is made exclusive by statute) will confer jurisdiction upon a court of equity. In the case of *Meriwether Sand & Gravel Co.* v. *State,* 181 Ark. 216, 26 S. W. 2d 57, which involved a tort, it was argued that the chancery court had no jurisdiction, and that the parties were limited to their action at law for damages. This court said: ''It is insisted, however, that the appellees have an adequate remedy at law by an action for damages. In this contention, the appellant errs for the reason that the injury, as shown by the testimony which was accepted by the chancellor, is a continuing and progressive one, and to remit them to their remedy at law would result in unnecessary expense and inconvenience to the litigants and lead to a multiplicity of suits. 'The remedy at law, to be adequate and complete, and attain the full end and justice of the case, must reach the whole mischief, and secure the whole right of the party in a perfect manner, *in praesenti* and *in futuro.*' Ex parte *Conway,* 4 Ark. 302. See, also, *Lawton* v. *Herrick,* 83 Conn. 417, 76 Atl. 986; *Peterson* v. *Santa Rosa,* 119 Cal. 387, 51 Pac. 557.''

*First State Bank* v. *C., R. I. & P. Ry. Co.,* 63 Fed. 2d 585, was a case arising in Arkansas, in which a temporary restraining order was denied plaintiffs by the district court. The Circuit Court of Appeals held that equity, having taken jurisdiction of the case on an equitable

ground, had the inherent power to issue a restraining order. The court said: "The remedy at law must be plain, adequate, complete and as efficient to the ends of justice as the remedy in equity to preclude the maintenance of the equitable suit."

In *Murdock* v. *Sure Oil Co.,* 171 Ark. 61, 283 S. W. 4, this court said: "The jurisdiction of the cause must be determined from an inspection of the bill. The allegations therein are equitable in nature and cognizable in a court of equity. . . . When equity acquires jurisdiction of a cause for one purpose under *bona fide* allegations, all matters in issue will be adjudicated and complete relief afforded. *Horstmann* v. *LaFargue,* 140 Ark. 558, 215 S. W. 729."

Certainly if petitioners have caused and are causing damage to property owners who hold insurance policies issued by any of the plaintiff insurance companies, the companies would be entitled to be subrogated to the rights of the policyholders for the actual damages sustained and paid by the insurance companies involved. The chancery court held that under the allegations of the complaint it had jurisdiction, as equitable grounds were alleged and equitable relief sought, and therefore granted the injunction. According to the allegations, if an injunction had not been granted it would have been possible for petitioners to have removed all of their assets from the jurisdiction of courts in this state, and there would have been nothing left from which plaintiff insurance companies could have been reimbursed through subrogation for the amounts of damages suffered by the various property owners and policyholders, and paid by the insurance companies in settlement of claims and possible judgments of the policyholders.

We cannot say that the insurance companies, under the facts alleged, would have a complete and adequate remedy at law, since under the allegations no property would be left in this state belonging to petitioners.

Having reached the conclusion that the chancery court had jurisdiction of the subject-matter and the parties, the petition for a writ of prohibition and dissolution of the injunction is denied.