Vincent *v.* Independent Gin Corporation of McClelland.

4-9429                                        237 S. W. 2d 486

Opinion delivered March 19, 1951.

*John D. Eldridge, Jr.,* for appellant.

*J. Ford Smith,* for appellee.

Holt, J.   In October, 1948, appellant, L. O. Vincent, together with R. L. Cole, purchased a gin from H. O. Moody, which they operated during most of the 1948 ginning season at McClelland, Woodruff County, with Vin-

cent, as manager in charge. After some negotiations, Vincent and Cole sold the gin to appellee, Independent Gin Corporation of McClelland, for $65,000. Vincent was a large land owner and cotton producer. In 1948, on his own, and leased lands, which he operated, he harvested and ginned approximately 700 bales of cotton. As an inducement and part of the consideration for the above sale to appellee, Vincent represented to appellee that he would gin all cotton raised by him at appellee's gin, his only demand being that prices for ginning be competitive, and services at the gin satisfactory.

The deed which Vincent and Cole executed and gave appellee, contained this provision: "It is understood and agreed, as a part of the consideration for the sale of the above property, that grantor, Richard L. Cole, will not establish a ginning plant within a radius of five miles of the Town of McClelland, Arkansas, for a period of ten years. It is further understood and agreed that the other grantor, L. O. Vincent, as a part of the consideration for the sale of the above property, will for a period of five years gin all of the cotton grown by him on lands owned and rented by him at the gin sold by this deed, provided the services furnished by said gin are satisfactory and its prices competitive."

Following this sale, in the fall of 1949, Vincent, who owned a half interest in the Little Dixie Gin in Prairie County, ginned the first two bales only of his cotton at appellee's gin, and the remainder at the Dixie, and at the Farmers Gin in Cotton Plant.

Appellee brought the present suit November 15, 1949. His prayer for relief was that appellant "be temporarily enjoined from taking and delivering cotton grown on lands owned and rented by him to any gin other than the one operated by plaintiff to be ginned." That appellant be required to perform the contract and agreement entered into with appellee and upon final hearing "that the defendant (appellant) be permanently enjoined from ginning his cotton at any other gin other than the one sold by him to the plaintiff for a period of five years, or for such a time less than five years as the service at said gin

shall be satisfactory and its price competitive,'' and in an amendment to his complaint asked for damages in the amount of $2,400.

Appellant, after the trial court had overruled a demurrer, and a motion to transfer to law (at the close of all the testimony) which he had filed, answered with a general denial.

Upon a hearing, the court found that appellee was entitled to injunctive relief and decreed that ''L. O. Vincent, be and he is hereby directed to gin all cotton grown on lands owned by him or rented by him at the Independent Gin Corporation at McClelland, Arkansas, for a period of five years from date of April 8, 1949, in so long as the services furnished by said gin are satisfactory and its prices competitive. * * * That the plaintiff take nothing from the defendant as damages for defendant's failure to gin cotton grown by him at the gin belonging to the plaintiff as of the date of this decree.''

The cause comes here on appellant's direct appeal, and appellee's cross appeal from that part of the decree denying damages for appellant's failure to fulfill his contract.

Appellant first contends that the suit was improperly brought in equity and that the court erred in refusing to transfer to law. We cannot agree.

Here, appellee sought damages already accrued and in addition, to enjoin any future breaches of the contract over the remaining five-year period.

In the circumstances, we hold that equity had jurisdiction. In *Bledsoe* v. *Carpenter*, 160 Ark. 349, 254 S. W. 677, a case wherein the facts, in effect, were similar to the present case, Chief Justice McCulloch, speaking for this court, said: ''It is next contended that appellees could not, at the same time, maintain an action for damages and to restrain the breach of the contract. The suit is to recover damages already accrued and to restrain future breaches, and we are of the opinion that an action is maintainable to secure relief on both grounds. The injured party is not, under those circumstances, put to an

election, for he has two distinct, mature rights of action. We are also of the opinion that both may be prosecuted in a court of equity, where jurisdiction is conferred for the purpose of granting relief by injunction, and, to prevent a multiplicity of actions, that court should grant complete relief by awarding damages,'' and in *Hultsman v. Carroll,* 177 Ark. 432, 6 S. W. 2d 551, we used this language:

'' 'Where one has made a valid contract restricting the use to which he may put his land, a violation of such restriction by him will be restrained by injunction; such covenants are usually made at the time of a conveyance, the grantee agreeing not to use the land conveyed in certain ways, or the grantor limiting his use of other land retained by him.' 22 Cyc. 859.

''If the contract is not contrary to public policy and the violations of the contract are continued from day to day, like the selling of gasoline, and the contract is not unreasonable, a court of equity will restrain the violation of the contract.''

As early as *Conway et al., Ex Parte,* 4 Ark. 302, this court held ''a court of chancery will interfere, by injunction, where the remedy at law is doubtful or difficult or to prevent a multiplicity of suits.''

After a review of all the evidence, we hold that the preponderance thereof is not against the chancellor's finding that the services furnished appellant by appellee at its gin were satisfactory and the prices competitive, and the contract should be enforced in accordance with its terms. The contract was in all respects a valid one, not against public policy or in restraint of trade. See *Bledsoe* v. *Carpenter,* above.

The court properly enjoined appellant from future breaches of the contract, but erred in denying appellee damages for the breach by appellant which had already occurred.

As pointed out above, equity had jurisdiction to grant an injunction and also the power to award damages in one and the same suit.

On the question of the amount of the damages, it was stipulated that appellant had ginned 274 bales at the Dixie and Farmers Gins. On the record presented, without detailing the testimony, we think the great preponderance, if not the undisputed facts, show that appellee has been damaged not less than $2.13 on each of these 274 bales, which were not ginned at appellee's gin, or a total of $583.62, and that appellee should have a decree for this amount.

Accordingly, the decree is affirmed on direct appeal and reversed on appellee's cross appeal and decree is entered here for appellee in the amount of $583.62, together with its costs in both courts.